Wood, J.,
delivered the opinion of the court:
A single question is presented for our consideration. It is this r *278 Do the choses in action of an insolvent debtor, who made his assignment under the act for the relief of insolvent debtors of February, 1824, pass, and the legal interest in them vest in the commissioner of insolvents? If they do so pass the decision on the circuit was correct; if not, a new trial must be granted.
Section 2 of the act of 1824 provides, that “ no suit pending at the time of the assignment of such insolvent’s estate to said commissioner shall abate or be discontiued by reason of such assignment, but the same shall proceed,” etc. This express provision, that a suit pending shall not abate, evinces the distinct understanding of the legislature that the whole legal interest of the insolvent was transferred by the assignment to the commissioner, and, consequently, a suit pending would abate unless provision was made to the contrary. We do not doubt that this is the correct construction of that statute.
In the same section of the act this further provision is made: “ But any new suit, which may be commenced, shall be brought in the name of said commissioner or in the name of the insolvent, as the case may require.” It is difficult to ascertain what case is 273] contemplated or embraced by this alternative ^provision. It can not apply to choses in action not negotiable, because negotiability is matter of positive legislative provision, and it is competent for the legislature to make any contract assignable and vest the legal interest, with a right to sue in his own name, in the assignee.
The insolvent’s assignment is made under the law, and the same law prescribes what interest and what rights it shall confer.
Section 3 of the act provides, that any person desirous of taking the benefit of this act shall make and deliver to said commissioner an accurate schedule of all debts by him owing, to whom due, etc., and also the debts and demands to him due or in any manner accruing, and of all property, etc., by him owned ; and shall convey, transfer, and assign to said commissioner in trust, for the benefit of his creditors by deed or instrument of writing, all debts and demands to him due or to become due in any manner accruing, and that no form of words shall be necessary for said couveyance.
By the transfer, conveyance, and assignment hero spoken of, we understand a parting with the legal interest of the insolvent, and vesting it in the commissioner. It was perfectly competent for the legislature to provide in what manner it should be done. *279 They have said it should be by deed, and that deed easts on the commissioner all the legal, as well as equitable rights of the insolvent. It is an ordinary principle that the action must be brought in the name of the party in whom the legal interest is vested, or whose legal right has been affected. That person is the commissioner, and the absolute control that was intended to be given him over the insolvent’s estate is widened by another provision authorizing him, by arbitration or otherwise, to adjust all controversies that may arise in the settlement of the insolvent’s estate, and to prosecute any suit in law or equity, which, to him, may appear necessary. There was no error in the opinion of the court; the nonsuit was properly taken, and the motion to set aside is overruled.