Avery, J.
From the statement of facts in this case it will be seen, that the premises in dispute, though actually levied' upon by virtue of the execution, and embraced in the bill and in the order of appraisement, were supposed, till after this last order, to have been included in the deed to the sons and s.onsin-law, who were parties to the bill. The return of the appraisement first disclosed to the supreme court, that the premises last named had been conveyed to the heirs of Sockman, but the court proceeded to direct the sale and apply the money arising' from it towards the satisfaction of the judgment.
It appears further by the bill of exceptions in the case, that the defendant in the action established by proof, which is satisfactory, that the conveyance from Christopher Myers to the *366 plaintiff and his co-grantees, was like the other deeds to the respondents in the bill in chancery, fraudulent and void, as against the judgment of Brice. Upon the evidence given at the trial in the common pleas, that court decided, that the plaintiff in ejectment had no title to the premises, and gave a judgment against him; and they refused, upon a motion of the plaintiff, to grant him a new trial; and we, after a full examination of the case, have not been able to find any error in their proceedings. The lands in controversy were legally taken in execution to satisfy the judgment of Brice. If they had been fraudulently conveyed before that time, by the judgment debt- or, the conveyance as against that judgment, was absolutely void, a perfect nullity; and a sale upon the execution, had it been made, would have passed the title as effectually'as if Christopher Myers had never attempted to convey. It was not necessary to go into chancery in order to secure a valid title for the purchaser; it was only important for the purpose of ■effecting a more advantageous sale, by inspiring in that way greater confidence in the title which would be obtained. If, then, the defendant, being in peaceable possession, could so connect himself with the sale, under that judgment, as to show that he was not an intruder upon the premises, he would have a right to set up the fraud which vitiated the conveyance, and made it a nullity, as against the judgment. Without doubt, in this view, the defendant might have used in evidence the proceedings in chancery. But I can discover no objection to his introducing the record, to show a complete title in himself, if he were prosecuting as a plaintiff in the action. The land was liable to be seized and sold as the property of Myers, upon an execution against him; and could have been offered by Brice without consulting or noticing any person, whose only title was ander a fraudulent conveyance. A judgment creditor may proceed in chancery, when a deed is resting upon the title of the debtor, as well as for other causes; and if, by his will, he presents a case which the court will recognize as sufficient; if any party, even the judgment debtor alone, is before the court, *367 jurisdiction is required over the subject-matter and over the defendant; and a decree ordering a sale in aid of a judgment at law, is not void, so that it can be impeached collaterally. It will operate, to some extent, to support the conveyance which it directs ; and such conveyance will be good till a better title is shown; it will at least be good against a fraudulent conveyance. It results, from what has been said above, that the plaintiff has no claim, merely because he was not a party to the bill in chancery, to disturb the present defendant.
But the plaintiff says further, that the defendant is guilty of misconduct and fraud in his attempt to connect himself with the premises, and that therefore he does not stand in the relation supposed, which would enable him to question the validity of the plaintiff’s deed. He is the father of the plaintiff, who is the only survivor of his co-grantees; and as the natural guardian of his children, he had taken the oversight and charge of the land, which had been conveyed to them by Christopher Myers, their grandfather. ' And while occupying this relation to his children and the land, he betrayed, it is claimed, the interests of his minor children, and fraudulently caused their land to be put to sale instead of his own, and then bid in the title, when he ought to have applied his money towards extinguishing the debt which was an incumbrance upon the land. It is very certain, that something appears in the conduct of the defendant, in relation to the purchase of his children’s land under the execution, which has not been explained; and his motives and actions may be reprehensible. But he was a purchaser at a public sale conducted by a master of the court, and his purchase cannot, at least upon such evidence as was given in this indirect manner, be attacked. However dishonest his motives may have been, his title cannot be assailed, while the master stands above all imputation of wrong. Upon the whole evidence, we decide that the plaintiff showed no right to recover.
But there is a view of this case which would have led to the same result, upon evidence much less decisive and clear for the *368 defense. This is an action of ejectment, where a judgment has been given in behalf of the defendant who is in possession; and the plaintiff is the party moving for a new trial. In such a case, he is not to be heard with much favor. In Runnington on Ejectment 398, it is said, that an application for a new trial formerly, was not countenanced in an action of ejectment; because the injured party might bring a new ejectment. But the practice was at a later period adopted of granting new trials where the party applying would otherwise suffer by a change of possession. In Muhlenburg's Heirs v. Florence, 5 Ohio R. 245, there was a new trial granted; but the verdict was there against the defendant; and in such a case the court said, the reason of the rule ceases. In actions of ejectment, where the verdict is in favor of the defendant, it is rarely set aside for newly-discovered evidence. 6 Ohio Rep. 271.
As a general rule, but it would not answer to say as an inva-' viable rule, a new trial will not be granted on the application of a plaintiff in ejectment, who has failed upon the first trial.

Judgment affirmed.