## W. F. ARNOLD v. THE STATE.

9   435
33    57
33   414

1. ACCOMPLICE — EVIDENCE — CHARGE OF THE COURT. — To warrant the conviction of a defendant indicted as an accomplice, it is not necessary that the principal offender should have been previously convicted, nor that he be put on trial along with the accomplice; but it is necessary that the guilt of the principal be established, as though he were himself on trial. If for this purpose the State adduces evidence of motives, threats, or confessions of the principal offender, and there be no proof *aliunde* of conspiracy between him and the de'endant on trial, the jury should be instructed not to consider such evidence as proof of any other issue than the guilt of the principal.

2. JURY LAW — CHALLENGE FOR CAUSE. — In the trial of a defendant charged as an accomplice, he may test the qualifications of a juror by inquiring whether he had formed an opinion as to the guilt or innocence of the party alleged to be the principal offender. The juror's disqualifying opinion of the guilt of the alleged principal constitutes cause for challenge by the defendant on trial as an accomplice.

3. Flight — Evidence. — The State having adduced proof of the flight of the defendant soon after the commission of the offence, he proposed to prove that it was occasioned by a warning that his life was menaced by a mob. *Held*, that the proof should have been admitted; and that any one who heard the warning given was as competent to prove it as the person who gave it.

4. Former Acquittal. — The rulings in *Simco* v. *The State*, *ante*, p. 338, on the defence of former acquittal referred to with approval.

Appeal from the District Court of Lampasas. Tried below before the Hon. W. A. Blackburn.

Late in the afternoon of Sunday, the 30th of January, 1876, as one N. A. Fetner and an old man named P. H. Littlefield were travelling in a wagon on a public road leading to the town of Lampasas, they were fired upon and instantly killed. There was but one witness who observed any of the incidents of the assassination. From a distance of three or four hundred yards he saw three men on horseback firing rapidly on the persons in the wagon, and afterwards riding off. The witness recognized neither of the three men on horseback, but observed that two of their horses were brown or bay in color, and the third a sorrel whose mane appeared to be flaxen in the rays of the sun. The men with the wagon were found dead, and were identified as Littlefield and Fetner.

In September, 1877, the grand jury of Lampasas County presented the indictment upon which was had the trial and conviction of the appellant resulting in this appeal. Alleging that Littlefield was murdered by three brothers named Allen, William, and Arch Arnold, it charged their father, the appellant, as their accomplice in the murder.

The evidence showed that the appellant lived six or eight miles from the scene of the assassination, and that he was at his home when it was committed. It further showed that he and his three sons left the country within three days after its commission; that he and his son Arch returned after the lapse of more than a year, and that Allen and William had not returned at all.

About a month before the assassination, as appears from the evidence, the house of Allen Arnold was destroyed by fire.   He took repeated occasions to tell his neighbors that the house was burned by old man Littlefield, and that it was his purpose to kill Littlefield.   William and Arch Arnold made threats of the same nature.   It appears, however, that the appellant was not present on any occasion when either of his sons made the threats imputed to them by the witnesses.   But there were witnesses who testified that the appellant made similar threats against Littlefield.   Zack Carroll, testifying for the State, said that he met the appellant two days after the burning of Allen Arnold's house, and that the appellant had a Winchester gun, and said that he and Allen were " on the war-trail " for Littlefield and one Watson.   James Hankins, for the State, testified that he saw the appellant within a few days after Allen Arnold's house was burned ; that the appellant said he would take it as a favor if witness would go and tell old man Littlefield that if he, the appellant, ever caught him on Allen Arnold's place, d—n him, he would kill him, and that if he ever caught him anywhere else, G—d d—n him, he would kill him.   Another witness testified that the appellant told him that he was satisfied that Littlefield had burned Allen's house ; that he had bought a hundred cartridges, and " if they did not mind he would arm his boys and turn them loose ; " that he was on the war-path, and had his spies out, and that Littlefield could not get out of the country alive.

Besides the threats and flight of the three men alleged to be the principal offenders, the State proved circumstances connected with their movements on the day of the assassination, the significance of which depends largely on acquaintance with the localities.

The appellant pleaded former acquittal, and proved by the record of the trial court that he had previously been tried on an indictment which charged him as an accomplice

to the murder of Fetner, and had been found not guilty. Other matters relevant to the rulings are disclosed in the opinion.

*Matthews & Walker*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Hurt, J.   The appellant was convicted of murder of the first degree, and his punishment assessed at confinement in the penitentiary for life, he being charged as an accomplice to the murder of one Littlefield by Allen, William, and Arch Arnold.

An accomplice, under our Code, is the same as an accessary before the fact by the common law, with very much the same criminal procedure.   In order to convict the accomplice, the State must prove the guilt of the principals, and that the accomplice advised, commanded, or encouraged the principals to commit the offence.   There are two separate and distinct propositions demanding full proof of the State. The principals not having been tried and convicted, so that the record of their conviction could be introduced to establish their guilt, the State was required to prove their guilt in the same manner and to the same certainty as if they themselves had been upon trial; for their guilt must be shown before the accomplice can be legally convicted.   It is not necessary that the principal should first be convicted, nor that he be put on trial with the accomplice; but to convict the accomplice the guilt of the principal must be shown.   It being, then, necessary for the State to show the guilt of the principals, all legal evidence, of whatever character, is admissible.   Therefore motives, threats, and confessions of the principals, and, in fact, evidence from every legal source, is competent.   From this we conclude that the defendant's bill of exceptions No. 3 was not well taken; but we are of the opinion that it was incumbent on the court to have charged

the jury to the effect that this evidence was for the purpose of proving the guilt of the principals, and for no other purpose, there being no evidence in this record tending to show a conspiracy.　Further: the conspiracy, being itself the predicate for the introduction of the acts, doings, and declarations of a conspirator, cannot be shown by the acts, declarations, and conduct of a supposed co-conspirator, but must be proved *aliunde*.　The conspiracy being shown by ordinary legal testimony, then, and not till then, can the declarations and conduct of a co-conspirator be admitted.　Again : as the defendant had the right to contest the guilt of the principals, the court below evidently committed an error in refusing to permit the defendant to question the jurors touching their opinion of the guilt or innocence of the principals.　Nor does it matter in the least whether the defendant exhausted his peremptory challenges or not.　He being so completely in the dark, it would have been a matter of choice if the objectionable jurors had been challenged.　However, the record informs us that defendant did exhaust his challenges, and there remained a juror who had formed an opinion as to the guilt of the principals.　The judge appends to the bill "that the juror answered that he had formed no opinion in regard to the guilt or innocence of defendant."　The court below evidently proceeded upon the idea that an opinion that the principals were guilty would not disqualify the jurors.　In this there was error.

The State proved flight of the defendant and two of the principals, and seemed to give prominence to this fact by proving it by nearly all the witnesses.　To explain this, defendant proposed to prove by his wife that " on the day of, and before the flight, a man named Wright came to their house and told her and her husband that if he (defendant) and his boys wanted to preserve their lives until morning they had better leave : that a mob was forming to kill them ; that, after such information from said Wright, she (witness) had begged her husband to take the boys, Bill and Arch,

and go away with them, for fear they would be killed by a mob.'' To all of which evidence the district attorney objected as immaterial, and because the proper person to prove the statement of Wright was Wright himself; which was sustained by the court, and the ruling excepted to by the defendant and reserved by bill.

Under every principle of law and justice, this evidence was admissible ; nor was there anything in the objection of the district attorney '' that the proof must be made by *Wright himself*.'' Defendant had a right to prove it by any competent witness — his wife or any other person. Indeed, if he had, at the time of leaving, stated it himself, it would have been admissible.

The case of *Simco* v. *The State, ante,* p. 338, decided at this term of the court, settles the plea of former acquittal. The other errors complained of, not being likely to arise on another trial, will not be considered. For the errors mentioned above, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*