## THE STATE OF KANSAS V. E. D. MOSLEY.

1. ACCESSORY *Before the Fact, Charged as Principal.* The statute authorizes the charging of an accessory before the fact as a principal. (*The State v. Cassady,* 12 Kas. 550.)

2. ADMISSIBLE EVIDENCE *of Conviction of Principal.* Upon the trial of an accessory before the fact, the record of the conviction of the principal is proof *prima facie* of that fact; but this is not conclusive, and other evidence of the commission of the crime by the principal is admissible.

3. REMARKS OF COUNTY ATTORNEY, *No Ground For New Trial.* Upon the trial of a defendant charged with a criminal offense, the latter rested without testifying. The state introduced a witness and offered to prove certain facts, to which the defendant objected as not being proper rebuttal. Thereupon the county attorney said to the court, in the hearing and presence of the jury: "Your honor, we had a right to presume that the defendant would testify as a witness in his own behalf, in which case this evidence would have been proper rebuttal, and we having failed to do so, we claim the right to introduce it now." *Held,* That these remarks to the court were not such an infringement upon the statute forbidding the prosecuting attorney to refer to the fact that the defendant did not testify in his own behalf as requires us under the circumstances of this case, to grant a new trial.

### Appeal from Lyon District Court.

INFORMATION for murder in the first degree, filed June 5, 1882, jointly charging that the defendants Mary Isabel Martin and *E. D. Mosley,* on the 23d day of May, 1882, in the county of Lyon and state of Kansas, did then and there kill and murder one Loraine M. Keiger by administering to her strychnine. The defendant *Mosley* was tried in February, 1883, and found guilty of murder in the first degree as charged in the information, by counseling, aiding and abetting the defendant Mary Isabel Martin in the commission of said murder. New trial denied, and judgment on the verdict against defendant. He appeals.

*Peyton, Sanders & Peyton,* for appellant.

*J. W. Feighan,* county attorney, and *J. Jay Buck,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: On June 5, 1882, Mary Isabel Martin and her son, E. D. Mosley, were jointly charged with the murder of Loraine M. Keiger, who died May 23, 1882, from the effect of poison. The trial of Mary Isabel Martin, the mother, was commenced on June 12, 1882. A verdict of guilty of murder in the first degree was rendered against her, and on December 29, 1882, she was sentenced. The defendant Mosley was tried in February following, and convicted of murder in the first degree, for counseling, aiding and abetting his mother in the commission of the murder of Mrs. Keiger.

Upon the trial, the record of the conviction of Mary Isabel Martin was introduced in evidence, and the court also permitted witnesses to testify to statements made by her half an hour after Mrs. Keiger died, tending to show she was guilty of poisoning her. The court instructed the jury that the record of the conviction of Mrs. Martin was *prima facie* evidence of her guilt. All of these rulings are complained of. The objections, however, are unavailing. Sec. 287, ch. 31, Comp. Laws of 1879, reads:

" Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony, before the fact, shall upon conviction be adjudged guilty of the offense in the same degree, and punished in the same manner, as herein prescribed with respect to the principal in the first degree."

And § 115, ch. 82, Comp. Laws of 1879, provides :

"Any person who counsels, aids or abets in the commission of any offense, may be charged, tried and convicted in the same manner as if he were a principal."

While these sections of the statute authorized the charging of defendant—an accessory before the fact—as a principal, to convict him it was necessary to establish that the mother, Mary Isabel Martin, had poisoned the deceased. It was not, therefore, error to allow facts to be shown on the trial tending to prove the guilt of the principal, Mary Isabel Martin.

(*The State v. Cassady*, 12 Kas. 550.) The record showing her conviction was proof *prima facie* of that fact, but this was not conclusive, and other evidence of the commission of the crime by her was admissible. (*Levy v. The People*, 80 N. Y. 327; *Arnold v. The State*, 9 Tex. Ct. App. 435.)

Upon the trial, after the defendant had rested without testifying, the state introduced a witness — one Marsh — and offered to prove certain facts, to which the defendant objected as not being proper rebuttal. Thereupon the county attorney said to the court: "Your honor, we had a right to presume that the defendant would testify as a witness in his own behalf, in which case this evidence would have been proper rebuttal, and he having failed to do so, we claim the right to introduce it now." It is claimed that in using this language to the court in the hearing and presence of the jury, the county attorney was guilty of such misconduct as warrants the granting of a new trial. This claim is made under the provision of § 1, ch. 118, Laws of 1871, which reads:

"And provided further, that the neglect or refusal of the person on trial to testify, or of a wife to testify on behalf of her husband, shall not raise any presumption of guilt, nor shall the circumstance be referred to by any attorney prosecuting the case."

"The neglect or refusal" of the defendant to testify was not referred to by the county attorney, except incidentally to the judge of the court in his argument favoring the introduction of evidence. We understand the statute is explicit that when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and that the courts will hold prosecuting attorneys to a strict observance of their duty in this respect. (*State v. Graham*, 17 N. W. Rep. 192; *Long v. State*, 56 Ind. 182; *Commonwealth v. Scott*, 123 Mass. 239.) Yet we do not think the incidental allusion to the court by the county attorney, under the circumstances, was such misconduct as requires us to grant a new trial. The remarks of the county attorney were not made in an address

to the jury, were not directed to the jury, nor intended for the jury. It is possible and more than probable that the members of the jury heard the remarks, as they were uttered in their presence, but the county attorney evidently did not intend to infringe upon the provision of the foregoing statute, and we cannot regard his remarks, made as they were, as material error. (*Calkins v. State*, 18 Ohio St. 366.)

An examination of the affidavits does not satisfy us that the county attorney in his closing argument to the jury referred to the defendant's failure or refusal to testify in his own behalf. The language of the county attorney was concerning the trial of Mary Isabel Martin, and the failure of her son to testify as a witness in that case. This was made in answer to the remarks of one of the attorneys for the defendant, that the latter was not present and had not testified on the trial of his mother, and therefore her conviction should not be conclusive of her guilt against him.

In view of the decisions of this court in *The State v. Kearley* 26 Kas. 87; *The State v. Bridges*, 29 id. 138, nothing further need be said regarding the refusal of the court to define the phrase "reasonable doubt." We have already held that there was sufficient evidence to warrant the jury in finding Mary Isabel Martin guilty of the murder of Mrs. Keiger, *ante*, p. 000, and we cannot, upon the record, say that there was no evidence in this case to sustain the verdict against the defendant.

The judgment of the district court must be affirmed.

All the Justices concurring.