## THE STATE OF KANSAS v. WILLIAM SHENKLE.

36 43
52 356

1. INDICTMENT; *Name of Witness not Indorsed.* In a criminal prosecution upon an indictment, it is claimed that the trial court erred in permitting a witness to testify whose name was not indorsed on the indictment; but it is not shown what the witness's testimony was, or that any objection was made to his testimony, or for whom he testified, if he did testify; and from anything appearing in the record of the case he may have testified on behalf of the defendant. *Held,* That no error is shown.

2. INSTRUCTIONS; *No Material Error.* In such a prosecution, where the defendant was charged with selling intoxicating liquor in violation of law, and the court instructed the jury, among other things, that if they found that "the defendant sold, bartered or gave any beer" to a certain person without having a permit therefor they should find the defendant guilty, but it is not shown what the evidence in the case was, nor was any objection made or exception taken to the instruction, and in the supreme court it is claimed that the trial court erred in using the word "gave," *held,* that no material error is shown.

3. ————— *Further Instructions; No Error.* Where, in such prosecution, the instructions of the trial court to the jury seem to be sufficient, and no further or additional instructions were asked for, *held,* that the trial court did not err in failing to give further or additional instructions.

4. CRIME; *Aiding; Instruction not Erroneous.* And in such prosecution, where an instruction given by the court to the jury was that "anyone who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were the principal," *held,* that such instruction is not erroneous.

### *Appeal from Osage District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a conviction and sentence at the September Term, 1885, the defendant *Shenkle* appeals. The opinion states the case.

*Waters & Chase,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution upon an indictment, wherein the defendant, William Shenkle, was charged in three counts with selling intoxicating liquor in violation of law, and in keeping and maintaining a nuisance. He was convicted under the first and second counts for selling intoxicating liquors, but was not convicted under the third count for keeping and maintaining a nuisance; and he was sentenced to pay a fine of $100 and to be imprisoned in the county jail for the period of thirty days. From this sentence he now appeals to this court.

I. It appears from an inspection of the indictment that the name of no witness by the name of Franklin was indorsed on the indictment; and yet the court in its instructions stated that the state had elected to rely upon an alleged sale of beer delivered by the witness Franklin to the witness Albert Hoover. The defendant now claims that error was committed by the court below in permitting the witness Franklin to testify. There is nothing further in the record that tends to show that any person by the name of Franklin testified on the trial, or what his testimony was, or that any objection was made to his testimony, or for whom he testified, if he did testify; and from anything appearing in the record he may have testified on behalf of the defendant. Such a record certainly does not affirmatively show error; and error is never presumed.

II. The court instructed the jury, among other things, that if they found that "the defendant sold, bartered or gave any beer to the said Albert Hoover, delivered to him by the witness Franklin, without having a permit to sell intoxicating liquors as required by law, you [they] must find the defendant guilty," etc. The objection to this instruction is, that it directs the jury to find the defendant guilty if he merely "gave any beer" to Hoover. Now what the evidence in the case was, is not shown; nor was any objection made or exception taken to this instruction. In all probability no material

error was committed by the giving of this instruction. Certainly no material error is shown; and therefore the judgment of the court below will not be reversed because of this instruction.

III. The instructions of the court to the jury seem to be sufficient. Besides, the court was not asked to give any further or additional instructions, and therefore it did not err in failing to do so.

IV. The court below instructed the jury, among other things, as follows: "Any one who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were the principal." The defendant took no exception to this instruction at the time it was given, but he now complains that it is erroneous. We however think it correctly states the law. The statute provides as follows:

"SEC. 115. Any person who counsels, aids or abets in the commission of any offense, may be charged, tried and convicted in the same manner as if he were a principal." (Comp. Laws of 1879, ch. 82, § 115.)

See also *The State v. Cassady*, 12 Kas. 550; *The State v. Brown*, 21 id. 50; *The State v. Mosley*, 31 id. 355.

No material error having been shown in this case, the judgment of the court below will be affirmed.

All the Justices concurring.