## REFERENCE BY COURT TO FAILURE OF DEFENDANT TO TESTIFY.

[Circuit Court of Columbiana County.]

CLARENCE TATE AND THOMAS TAYLOR V. THE STATE OF OHIO.

Decided, November, 1906.

*Criminal Law—Charge of Court—Reference of Court to Failure of Defendant to Testify not Error in Ohio—Section 7289.*

It is not error for the court, *sui sponte*, to charge the jury that: "The fact that the defendant has not gone upon the witness stand and testified, does not excuse the state from the full measure of proof to which I have called your attention, for it is the privilege of the defendant either to testify in his own behalf or to decline to do so, resting his denial of the offense solely upon his plea of 'Not Guilty.'"

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Columbiana Common Pleas Court.

Plaintiffs in error, Clarence Tate and Thomas Taylor, were tried and convicted of the crime of arson, and sentenced to the penitentiary.

A number of errors are assigned as ground for the reversal of the judgment below, but the one mainly relied upon by counsel, and indeed the only one that could be considered important, is that the trial judge in his charge to the jury, without any request so to do, referred to the provisions of Section 7289 of the Revised Statutes, respecting the accused becoming a witness in his own behalf. The section reads as follows:

"On the trial of all indictments, complaints, and other proceedings, against a person charged with the commission of an offense, the person so charged shall, at his own request, but not otherwise, be a competent witness; but his neglect or refusal to testify shall not create any presumption against him, nor shall any reference be made to, nor any comment made upon, such neglect or refusal."

If the provisions of the statutes are to be taken in their strict literal sense, then the failure of an accused to be a witness in

his own behalf should not be referred to at all. The language of the statute could not be made more definite and imperative:

"But his neglect or refusal to testify shall not create any presumption against him, nor shall any reference be made to, nor any comment be made upon, such neglect or refusal."

This prohibition of the statute is clearly as applicable to the trial judge as the prosecuting officer, and such was the holding in the case of *Buloff* v. *The People*, 45 N. Y., 213, under the statute of that state, which is not nearly so strong as our own. The remarks of Mr. Judge Allen in his opinion are so applicable that we quote them at some length:

"A question is presented by the exception to the comments of the judge upon the fact that the prisoner had not availed himself of the privilege of being sworn and giving evidence in his own behalf. By statute (Chap. 678 of the Laws of 1869) persons upon trial for crime may, at their own request, but not otherwise, be deemed competent witnesses. The act may be regarded as of doubtful propriety, and many regard it as unwise, and as subjecting a person on trial to a severe if not a cruel test. If sworn his testimony will be treated as of but little value, will be subjected to those tests which detract from the weight of evidence given under peculiar inducements to pervert the truth when the truth would be unfavorable, and he will, under the laws as now understood and interpreted, be subjected to the cross-examination of the prosecuting officer, and made to testify to any and all matters relevant to the issue, or his own credibility and character, and under pretense of impeaching him as a witness, all the incidents of his life brought to bear with great force against him. He will be examined under the embarrassments incident to his position, depriving him of his self-possession and necessarily greatly interfering with his capacity to do himself and the truth justice, if he is really desirous to speak the truth. These embarrassments will more seriously affect the innocent than the guilty and hardened in crime. Discreet counsel will hesitate before advising a client charged with high crimes to be a witness for himself, and under all the disadvantages surrounding him. If, with this statute in force, the fact that he is not sworn can be used against him, and suspicion be made to assume the form and have the force of evidence, and circumstances, however slightly tending to prove guilt, be made conclusive evidence of the fact, then the individual is morally coerced, although not actually compelled

to be a witness against himself. The Constitution, which protects a party accused of crime from being a witness against himself, will be practically abrogated.

"The Legislature foresaw some of the evils and dangers that might result from the passage of this act, and did what could be done to prevent them by enacting that the neglect or refusal of the accused to testify should not create a presumption against him. Neither the prosecuting officer or the judge has the right to allude to the fact that a person has not availed himself of this statute, and it would be the duty of the court promptly to interrupt a prosecuting counsel who should so far forget himself and the duties of his office as to attempt to make use of the fact in any way to the prejudice of a person on trial. An allusion by the judge to the fact, unexplained, can not but be prejudicial to a person on trial, and a provision intended for his benefit will prove a trap and a snare. It is an intimation to the jury of the effect upon his mind of the omission of the accused to explain by his own oath, suspicious and doubtful facts and circumstances, as affecting the question of guilt or innocence."

In the case of *State* v. *Pearce*, 56 Minn., 226 (57 N. W. R., 652) it was held:

"Where in a criminal trial the defendant neglects or refuses to testify in his own behalf as provided by Gen. St. C. 73, Tit. 1, Sec. 7, the trial court has no right or authority to allude to or comment upon such refusal before the jury, nor to refer to the subject or instruct them as to whether they shall consider such neglect in any manner whatever."

In this case the counsel for the accused requested the court to charge the jury:

"That defendant has not testified in this case can not be taken into consideration by you in determining the guilt or innocence of the defendant, and all reference thereto, or inferences therefrom, must be entirely excluded from your minds, and your determination must be based solely upon the evidence introduced and the instructions of the court."

The court refused to give this request, and this was assigned as error.

Buck, J., in support of the decision of the court, in a very able opinion, shows that to have given the instruction would

be in direct conflict with the statute which provides that "the neglect or refusal of the accused to testify shall not create any presumption against him, nor shall such neglect or refusal be alluded to or commented upon by the prosecuting attorney or by the court. * * * Indeed the court should not even hint at the existence of such a law by the most remote suggestion, and to do so would be a nullification of the statute." Many authorities are referred to in the opinion in harmony with the holding of the court.

Is the law different in Ohio? We are inclined to think it is, and that in this state it is not error under certain circumstances for the prosecuting officer or the trial judge to refer to the fact that the accused might testify in his own behalf; and this court must be controlled by the decisions in our own court.

In the case of *Calkins* v. *State*, 18 O. S., 366, it was held that where a defendant interrupted the prosecuting attorney during his argument by controverting his statement to the jury, and the prosecuting attorney replied, "You had an opportunity to testify in this case and did not do so." And it not appearing that the court was derelict in duty, such reference is not cause for granting a new trial. In the opinion it is said:

"We suppose a case might occur, in which the misconduct of counsel for the state in disregarding the prohibition of the statute above quoted, and of the court in permitting such disregard, or in failing promptly to rebuke and to arrest it by the exercise of all its authority and power necessary for that purpose, would require the court, in the exercise of a just discretion, and out of due regard to the rights of the prisoner, to award a new trial. But in this case the prisoner seems to have provoked the single hasty retort of counsel, and the court does not appear to have been in any way wanting in duty."

While in this case the remark of the prosecutor was provoked by the accused, yet from the opinion it is apparent that the view taken of the statute was that it was a matter of discretion in the court whether or not a new trial should be granted when reference was made to the prohibition of the statute which is directly opposed to the law as laid down in *State* v. *Pearce, supra.*

In the case of *George Schneider* v. *The State of Ohio*, 2 C. C., 420, the prosecuting attorney in his argument said of the accused who was convicted of murder in the first degree:

"He admits that he was present when she was killed; of course, he does not say he killed his mother; he did not get on the stand and say he killed her; he did not tell any one that he killed his mother; he says that two robbers killed her, and that he stood by and saw them do it—is that a reasonable story?"

The court held:

"This is not such misconduct of the prosecuting attorney as would require the trial court to set aside the verdict and grant a new trial. No statement having been made to the jury, as to the right of the defendant to testify, or any comment made on his refusal to do so, and it not appearing that the defendant was in any way prejudiced thereby, it rests in the sound and legal discretion of the trial court."

In the opinion Judge Smith concedes that the use of the word "stand" by the prosecuting attorney no doubt referred to the witness-stand; and then referring to the case of *Calkins* v. *The State*, says:

"The effect of this decision is, that to justify the setting aside of a verdict for such cause, there must be a material and substantial infraction of the law, and one which seems to the trial court, or that reviewing its decision, to have prejudicially affected the rights of the defendant."

This case was affirmed by the Supreme Court without report. Whether this question was pressed or not we do not know, but it is to be presumed it was.

Were it not for these two cases decided by our Supreme Court, this court would be inclined to hold, under our statute, as was held in the Minnesota case referred to, that neither the public prosecutor nor the court had any right to refer to the failure of the accused to testify, and that the prohibition of the statute is mandatory and must be strictly complied with. But from these cases we feel to do so would be to hold against what is decided by our own court.

What the trial judge said to the jury in this case was not in any sense unfair to the accused, and if justified in referring

to the subject at all, was as favorable to them as it should have been. It was as follows:

"I desire, however, to remind you, as I have heretofore said in this charge, that you will not be warranted in returning a verdict of guilty against any one of these defendants unless the evidence produced against such particular defendant convinces your minds, beyond a reasonable doubt, of his guilt; for even though you should find, beyond a reasonable doubt, that one of the defendants had been guilty of the commission of said crime, that fact alone would not warrant you in finding the other defendants guilty unless, as I have heretofore stated, the evidence is such as to convince your minds to a moral certainty of the guilt of each defendant against whom you shall return a verdict of guilty. And I desire to say to you now that the fact that no one of the defendants has gone upon the witness-stand and testified, does not excuse the state from the full measure of proof to which I have called your attention, for it is the privilege of each defendant either to testify in his own behalf or to decline to do so, resting his denial of the offense solely upon his plea of not guilty."

We should say that the conclusion to which we have come is in line with *Sullivan* v. *Ohio,* 9 C. C., 652.

Judgment of common pleas court is affirmed.

*Metzger & Smith, W. S. Anderson* and *J. G. Moore,* for plaintiffs in error.

*M. J. McGarry,* Prosecuting Attorney, and *C. S. Speaker,* for defendant in error.