No. 19,612.

THE STATE OF KANSAS, ex rel. JAMES M. MEEK, as County Attorney, etc., *Appellant*, v. DICK & BROTHERS BREWING COMPANY et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. INJUNCTION—*Wholesale Liquor Dealers of Missouri Delivering Intoxicating Liquors to Parties in Kansas—Petition Fails to State a Cause of Action.* A petition to enjoin brewing companies in Kansas City, Mo., from delivering intoxicating liquors to business houses and numerous persons in Kansas City, Kan., which alleges that H. A. and others violated the law of the state of Kansas by engaging in the unlawful sale of intoxicating liquors and by maintaining liquor nuisances, and that if permitted to receive and have intoxicating liquors in their possession, will again violate the law by maintaining liquor nuisances; and that Dick & Brothers Brewing Company and others are engaged in the wholesale and retail liquor business outside the state of Kansas, and make deliveries of intoxicating liquors to residents and citizens of Wyandotte county, Kansas, in violation of law, and thereby aid, assist and abet in maintaining liquor nuisances by delivering intoxicating liquors to premises used wholly for business purposes and by delivering intoxicating liquors to persons who have violated the law by engaging in the unlawful sale of intoxicating liquors, and unless restrained will continue to make deliveries of intoxicating liquors to business premises in Wyandotte county, Kansas; but does not allege that Dick & Brothers Brewing Company or any of the others make deliveries of intoxicating liquors to defendant H. A. or any of the others, nor allege that Dick & Brothers Brewing Company or any of the other brewing companies will, unless restrained, deliver intoxicating liquors to H. A. or any of the others, nor allege that nuisances were being maintained by any of the defendants at the time it was filed, does not state facts sufficient to constitute a cause of action.

2. SAME—*Demurrer—Misjoinder of Causes of Action.* Where a petition that attempts to state but one cause of action is demurred to on the ground that several causes of action are improperly joined, and no cause of action is stated, this court can not say whether or not the demurrer should be sustained or overruled on that ground.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed July 10, 1915. Affirmed.

*James M. Meek,* county attorney, for the appellant.

*W. S. Cowherd, R. J. Ingrahm, L. E. Durham,* and *A. H. Morse,* all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to enjoin certain wholesale liquor dealers in Kansas City, Mo., from delivering intoxicating liquors to certain persons in Kansas City, Kan.

The petition, in substance, alleges:

"That the defendants, Dick & Brothers Brewing Company (and others) are engaged in the wholesale and retail liquor business outside the state of Kansas, and that the defendants, and each of them, use and employ in said business wagons, trucks and other vehicles for the purpose of hauling and bringing intoxicating liquors into the state of Kansas for delivery to residents and citizens of Wyandotte county, Kansas, and said defendants, their agents, servants and employees, by means and use of said wagons, trucks, drays and motor trucks make delivery of intoxicating liquors to residents and citizens of Wyandotte county, Kansas, in violation of law, and thereby aid, assist and abet in the maintenance of liquor nuisances, as hereinafter stated; . . . that the said defendants and their agents and servants have been engaged in said business for more than one year prior to the filing of this petition, and that the said defendants and each of them have heretofore unlawfully delivered intoxicating liquors in Wyandotte county, Kansas, to premises used wholly for business purposes, and to persons who have heretofore violated the law by engaging in the unlawful sale of intoxicating liquors, and by maintaining liquor nuisances, contrary to law. Plaintiff further states that said defendants have heretofore, and at the time of the commencement of this suit, aided, assisted and abetted in maintaining liquor nuisances by making delivery of intoxicating liquor to premises used wholly for business purposes, as hereinafter stated, and unless restrained by an order of this court will continue to make delivery of intoxicating liquors to business premises in Wyandotte county.

"Plaintiff further states that the defendants Hattie Allen (and a number of other persons) and each of them, have within the past two years violated the law of the state of Kansas, by engaging in the unlawful sale of intoxicating liquors, and by maintaining liquor nuisances, contrary to law.

"Plaintiff further states and believes the fact to be that the said defendants, so as aforesaid engaged in the unlawful sale of intoxicating liquors, and engaged in maintaining liquor nuisances in Wyandotte County, Kansas, if permitted to receive and have intoxicating liquors in their possession, will again violate the law by maintaining liquor nuisances, and asks that the defendants and each of them, so as aforesaid engaged in bringing and delivering intoxicating liquors to persons within Wyandotte county, Kansas, their agents, servants, drivers and wagon

The State, *ex rel.*, v. Brewing Co.

men, be enjoined from delivering to or furnishing any intoxicating liquors to each of the following-named persons, to wit: Hattie Allen, (and a number of other persons)."

The petition asks. that "the defendants, Dick & Brothers Brewing Company, . . . (and other liquor dealers) . . . their agents, servants, drivers, chauffeurs, employees, successors or assigns, be enjoined from delivering any intoxicating liquors to any of the following-named persons, in Wyandotte county, Kansas, to wit: Hattie Allen (and a number of other persons), that such persons be enjoined from having or receiving in their custody any intoxicating liquors until such defendant or defendants shall have given a good and sufficient recognizance herein, conditioned that he or they will not again violate the law of Kansas in relation to the sale of intoxicating liquors."

Each of the liquor dealers filed a demurrer to the petition, alleging: 1. That the court has no jurisdiction of the person of the defendants, or either of them. 2. That the court has no jurisdiction of the subject of the action. 3. That several causes of action are improperly joined. 4. That the petition does not state facts sufficient to constitute a cause of action against said defendants.

The demurrers were sustained on the third and fourth grounds. The first and second grounds are not argued.

(1) A number of statutes must be examined to properly determine whether or not the petition states a cause of action. Chapter 90 of part 1 of 37 United States Statutes at Large, (p. 699) reads:

"That the shipment or transportation, in any manner or by any means whatsoever, of any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind, from one State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, into any other State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, or from any foreign country into any. State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, which said spirituous, vinous, malted, fermented, or other intoxicating liquor is intended, by any person interested therein, to be received, possessed, sold, or in any manner used, either in the original package or otherwise, in violation of any law of such State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, is hereby prohibited."

Section 4380 of the General Statutes of 1909 is as follows:

"Any officer, agent or employe of a railroad company, express company, or other common carrier, who shall knowingly carry or deliver any intoxicating liquor to or for any person, to be sold in violation of this act or the act to which this is amendatory and supplemental, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not less than one hundred nor more than five hundred dollars, and be imprisoned in the county jail not less than thirty nor more than sixty days."

Section 1 of chapter 248 of the Laws of 1913 reads:

"It shall be unlawful for any railroad company, express company or other common carrier, or for any person, company or corporation to carry any intoxicating liquor into this state or from one point to another within the state for the purpose of delivery, or to deliver the same to any person, company or corporation within the state except for lawful purposes."

Section 4387 of the General Statutes of 1909 reads:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense."

The next section (§ 4388) provides that the attorney-general, county attorney, or any citizen of the county where such a nuisance as is defined in the section last above set out exists or is kept or maintained, may maintain an action in the name of the state to abate and perpetually enjoin such nuisance. Under the federal statute, the transportation of intoxicating liquors intended by any person interested therein to be received, possessed or sold or in any manner used in violation of any law of the state into which it is transported, is prohibited. No person has a right to transport intoxicating liquors into this state when those liquors are intended to be received, possessed or sold in violation of the law of this state. By section 4380 of the General Statutes of 1909 it is a misdemeanor for any common carrier to deliver any intoxicating

liquor to any person to be sold in violation of the law of this state, and by section 1 of chapter 248 of the Laws of 1913 it is a misdemeanor for any railroad company, express company or any other common carrier, or for any person, company or corporation, to carry intoxicating liquor into this state for any except lawful purposes.

Another statute that must be considered is section 115 of the code of criminal procedure, which reads as follows:

"Any person who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal."

One who delivers intoxicating liquor to another, to be by that other used or sold in violation of law, aids and abets in the commission of an offense against the intoxicating liquor laws of this state.

"Under the statutes of this state, one who procures, counsels or commands a criminal offense may be considered as principal, and may be punished as the principal, and it is not necessary to name such principal in the information or indictment." (*The State v. Patterson*, 52 Kan. 335, syl. ¶ 3, 34 Pac. 784.)

(See, also, *The State v. Cassady*, 12 Kan. 550; *The State v. Brown*, 21 Kan. 38, 50; *The State v. Mosley*, 31 Kan. 355, 2 Pac. 782; *The State v. Shinkle*, 36 Kan. 43, 12 Pac. 309.)

In misdemeanors there are no accessories, but all persons concerned therein, if guilty at all, are principals. (*The State v. Gurnee*, 14 Kan. 111; *Sharpe v. Williams*, 41 Kan. 56, 20 Pac. 497; *The State v. Stark*, 63 Kan. 529, 533, 66 Pac. 243.)

One who aids and abets in maintaining or keeping an intoxicating liquor nuisance in this state by procuring or delivering intoxicating liquors to be used in maintaining or keeping such nuisance may be made a party defendant in an action to enjoin or abate such nuisance, and an injunction will lie to enjoin and restrain him from rendering such assistance. He may be prosecuted for so doing, and if he persists in this kind of violation of the law he may, upon a second conviction therefor, be sent to the penitentiary, under chapter 232 of the Laws of 1915. To state a cause of action under the statute a petition should come within the provisions thereof by alleging the maintenance of a nuisance by the defendants, or if the pleader does not desire to allege that the nuisance is main-

tained by all of the defendants he should allege that some of the defendants keep and maintain a nuisance, and that those not directly connected therewith aid and abet in keeping and maintaining the same.

What are the allegations of the petition? It alleges that Hattie Allen and others within the past two years violated the law of the state of Kansas by engaging in the unlawful sale of intoxicating liquors and by maintaining liquor nuisances, and that if permitted to receive and have intoxicating liquors in their possession will again. violate the law by maintaining liquor nuisances. It also alleges that the defendants, Dick & Brothers Brewing Company and others, are engaged in the wholesale and retail liquor business outside the state of Kansas, and make deliveries of intoxicating liquor to residents and citizens of Wyandotte county, Kansas, in violation of law, and thereby aid, assist and abet in the maintenance of liquor nuisances by delivering intoxicating liquors to premises used wholly for business purposes and to persons who have violated the law by engaging in the unlawful sale of intoxicating liquors and by maintaining liquor nuisances, and unless restrained will continue to make deliveries of intoxicating liquors to business premises in Wyandotte county, Kansas. The petition does not allege that Dick & Brothers Brewing Company, and others, make deliveries of intoxicating liquor to the defendants, Hattie Allen and others, neither does it allege that Dick & Brothers Brewing Company, and others, will unless restrained deliver intoxicating liquors to Hattie Allen and others. The petition does not allege that nuisances were being maintained by any of the defendants at the time it was filed. It does not state facts sufficient to constitute a cause of action.

(2) One of the grounds of demurrer is that several causes of action are improperly joined. Section 88 of the code of civil procedure reads:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

There are a number of defendants in this case. The plain-

tiff has attempted to charge all the defendants in one cause of action. No cause of action is stated against any of the defendants. If a cause of action were stated, we could determine whether or not several causes of action are improperly joined. Until one or several causes of action are stated, we can not determine the question.

The judgment of the district court is affirmed.