No. 34,191

THE STATE OF KANSAS, *Appellee*, v. HAROLD COOK, *Appellant.*

(87 P. 2d 648)

Opinion filed March 4, 1939.

*Robert Garvin,* of St. John, and *Roy J. McMullen,* of Great Bend, for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Russell L. Strobel,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: In an information filed in the county court of Pawnee county, it was charged that on August 29, 1938—

"Jason Trester and Harold Cook did then and there unlawfully and willfully, while under the influence of intoxicating liquor, drive a vehicle, to wit: an automobile propelled by other than muscular power; that the driving as aforesaid was upon the public streets of the city of Larned, Kan., and the public roads of said county and state, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the state of Kansas."

Both were found guilty and appealed to the district court. Trester dismissed his appeal. Harold Cook was tried, the evidence being embodied in an agreed statement of facts reciting:

"1. That on August 29, 1938, in Pawnee county, Kansas, Jason Trester, while under the influence of intoxicating liquors, did then and there drive a vehicle, to wit, an automobile propelled by other than muscular power, upon the public streets of the city of Larned, and upon the public roads of Pawnee county, Kansas.

"2. That the defendant Harold Cook was riding in said automobile, which was then and there driven by the said Jason Trester, which automobile was the property of the said Harold Cook, but the said Harold Cook was in no manner driving said automobile on said streets of the city of Larned or on the public roads of Pawnee county, Kansas.

"3. It is further admitted that the defendant Harold Cook knowingly permitted the operation of such vehicle upon said streets and upon said highway by the said Jason Trester, while the said Jason Trester was under the influence of intoxicating liquor."

To this evidence the defendant demurred, for the reason facts sufficient to constitute a public offense were not stated. The demurrer was overruled, defendant was found guilty, and he then filed objections to sentence being imposed, the same reason being assigned as in the demurrer. Thereafter his motion for a new trial was denied and he was sentenced to pay a fine of $100 and to serve a sentence of thirty days in the county jail. Thereafter his appeal to this court was duly perfected.

His first contention is that under the complaint and the evidence he was not guilty under G. S. 1935, 21-2160, for the reason that under that statute actual driving of the automobile is required, and that he was not guilty under certain sections of Laws 1937, chapter 283, hereafter referred to in detail, for the reason that the complaint did not so charge. Because of our conclusions with respect to this second contention, it is not necessary that we discuss the first.

In 1937 the legislature enacted an act to be cited as the uniform act regulating traffic, the same being chapter 283 of the Session Laws of 1937. Sections 29, 30 and 31 of that act were amended by chapter 59, Laws of the Special Session of 1938, and the act, as amended, appears as chapter 8, article 5 of the G. S. 1937 Supplement. For convenience we shall refer to sections of the act now under consideration by their original numbers. Under section 30, as amended, it is made unlawful for any person under the influence of intoxicating liquor to drive any vehicle which by reason of section 1 includes an automobile, and every person convicted shall be punished by imprisonment for not more than one year or by fine of not less than $100 nor more than $500 or by both such fine and

imprisonment. Other penalties need not be noticed here. Our particular attention is directed. to sections 126 and 127, reciting as follows:

"Sec. 126. Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of, any act declared herein to be a crime, whether individually or in connection with one or more other persons or as principal, agent, or accessory, shall be guilty of such offense, and every person who falsely, fraudulently, forcibly, or willfully induces, causes, coerces, requires, permits, or' directs another to violate any provision of this act is likewise guilty of such offense.

"Sec. 127. It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle, to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law."

Appellant's contention is that the evidence shows he was not the driver of the automobile, that the complaint and warrant did not charge him with committing, attempting to or conspiring to commit or aiding or abetting in the commission of any crime under chapter 283, either individually or in connection with one or more persons, etc., as provided in section 126, nor did it charge him with knowingly permitting the operation of any vehicle owned by him as provided in' section 127. Appellant makes a. plausible argument that he was not guilty because he was charged as a principal and that the evidence shows he was not, but he cites no authorities in support of his contention.

In the early case of *State v. Cassady*, 12 Kan. 550, where the defendant was charged with a felony, it was held:

"Under the statutes of this state, an accessory before the fact may be charged, tried, and convicted as though he was a principal. Such statutes are not in conflict with the provisions of section 10 of the bill of rights." (Syl. ¶ 1.)

In *State v. Mosley*, 31 Kan. 355, 2 Pac. 782, also a felony case, it was held:

"The statute authorizes the charging of an accessory before the fact as a principal." (Syl. ¶ 1.)

In *State v. Shenkle*, 36 Kan. 43, 12 Pac. 309, a misdemeanor case, this court held:

"And in such prosecution, where an instruction given by the court to the jury was that 'anyone who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were the principal,' *held,* that such instruction is not erroneous." (Syl. ¶ 4.)

In *State v. Nield*, 4 Kan. App. 626, 45 Pac. 623, which was a misdemeanor case, the question was raised that the information

charged defendant both as principal and as accessory, and it was said: "In misdemeanors all are principals." (p. 639.)

In *State v. Stark*, 63 Kan. 529, 66 Pac. 243, 54 L. R. A. 910, 88 Am. St. Rep. 251, it was held:

"In the commission of a misdemeanor there are no accessories. All persons aiding or counseling are principals." (Syl. ¶ 3.)

Later cases, restating the above, are *State, ex rel., v. Brewing Co.*, 96 Kan. 215, 219, 150 Pac. 568, and *State v. Wolkow*, 110 Kan. 722, 726, 205 Pac. 639, 42 A. L. R. 265. There is no doubt that under our decisions it was proper to charge appellant as a principal. If the evidence shows him to be guilty as an aider or abettor, he may be convicted. The agreed statement of facts warranted the conclusion that appellant abetted in the commission of an act declared by the act to be a crime, as provided in section 126, and there can be no doubt he was guilty of violation of section 127 by reason of the agreed statement of fact No. 3.

Appellant also contends that the above mentioned chapter 283 is unconstitutional in that the title of the bill contains more than one subject. The title of the bill is:

"An act regulating traffic on highways and defining certain crimes in the use and operation of vehicles, providing for traffic signs and signals, and defining the power of local authorities to enact or enforce ordinances, rules, or regulations in regard to matters embraced within the provisions of this act, and to provide for the enforcement of this act and the disposition of fines and forfeitures collected hereunder, and to make uniform the law relating to the subject matter of this act. . . ."

It is argued that regulating traffic is one subject, providing for traffic signs and signals is another, giving local authorities power to enact ordinances is a third, and providing for the disposition of fines collected is a fourth. In support of his argument, appellant quotes from *Cashin v. State Highway Comm.*, 137 Kan. 744, 22 P. 2d 939, reciting:

"There appears to be two subjects clearly expressed in this title, the licensing of operators and chauffeurs of motor vehicles, and defining the liability of certain persons for negligence. If the second part had been defining the liability of operators and chauffeurs for negligence, instead of 'certain persons,' it would have afforded a natural relation to the licensing of operators and chauffeurs, but without regard to whom the certain persons may be, they of course are not operators or chauffeurs, when pains were evidently taken to so describe them, and the language itself of the title almost compels one to conclude that the matters referred to therein are incongruous and disconnected" (p. 745)—

ignoring the following sentence of the paragraph, which reads:

"But it has been regularly held that whether or not a statute contains more than one subject, is to be determined from the body of the act rather than from the title itself. (59 C. J. 802.)" (p. 745.)

In that case the second paragraph of the syllabus reads:

"One portion of a statute may be unconstitutional and void and the remainder of it be upheld as constitutional and valid if the unconstitutional portion is severable and wholly independent of the remainder of the act and furnished no special inducement for the passage of the rest of the act and where a presumption is reasonably justified that the legislature would have passed the remainder of the act without the invalid portion." (Syl. ¶ 2.)

We think the title to the act is not susceptible of division in the manner contended for, and that an examination of the body of the act discloses only an attempt to regulate traffic in all its phases and to provide penalties for its violation.

We think that section 127, making it unlawful for the owner of a vehicle to knowingly permit its operation upon a highway "in any manner contrary to law" is not so indefinite or so vague or conflicting in its provisions that it is inoperative and void. It may be that such a provision places a considerable burden upon the owner of the vehicle. The matter was primarily one for the legislature, and we think that its intent was rather clearly expressed.

We have also considered appellant's contention that certain provisions of the act, not now involved, may be broader than, or not included in, the title. Even if that be so, which we do not decide, we cannot ignore section 134 of the act, which recites:

"If any part or parts of this act shall be held to be unconstitutional, such unconstitutionality shall not affect the validity of the remaining parts of this act. The legislature hereby declares that it would have passed the remaining parts of this act if it had known that such part or parts thereof would be declared unconstitutional."

Our conclusion is that the act is not unconstitutional because of any defect in its title, and that as to the sections presently involved it is not so vague, indefinite or inconsistent that the sections are void.

The judgment of the trial court is affirmed.