THE STATE OF NEBRASKA, EX REL. J. G. MILLER, V. BOARD OF COMMISSIONERS OF LANCASTER COUNTY.

1. **Constitutional Law:** TITLE TO ACT. Where the title of an act contains two subjects, the first and principal one being the amendment of another act, and the second not connected with the principal subject, the first title and subject matter thereunder will be sustained where they are distinct and separate, if it is apparent that the second was not an inducement to the legislature to pass the first, so that but for the second part it would not have passed the act.

2. ———: AMENDING AND REPEALING STATUTES. A provision in an amendatory act repealing an act not connected with the subject of the amendment is void.

ORIGINAL application for mandamus.

*Harwood, Ames & Kelly* and *Marquett, Deweese & Hall,* for relator.

*Walter J. Lamb,* for respondents.

MAXWELL, J.

In January, 1884, the relator applied to this court for a peremptory writ of mandamus to compel the defendants to include in the estimates of taxes to be levied for that year a sufficient amount to refund the taxes paid by him on certain school lands which he had purchased, the title to which remained in the state. An alternative writ was issued, to which the defendants filed an answer. The case was referred to a referee, who heard the testimony and found the facts. In consequence of the necessary delay in the several steps of the proceedings, the case was not ready to be presented to this court for final adjudication until after the time fixed by law for making estimates of the taxes to be levied for the year 1884 had elapsed, hence it was not then considered.

The act authorizing the repayment of taxes paid upon school lands, the title of which was in the state, was held to be constitutional in *Washington County v. Fletcher*, 12 Neb., 357, and *State v. Lancaster County*, 13 Id., 523, and need not now be considered. The principal ground of defense in this case is the repeal of said act.

In 1883 an act was passed, the title of which is as follows: "An act to amend an act entitled an act to provide for the registry, sale, leasing, and general management of all lands and funds set apart for educational purposes and for the investment of funds arising from the sale of such lands, being article I., chapter 80, Compiled Statutes. *Also to repeal article three of said chapter 80.*"

The whole purpose and tenor of the act relate to the sale and leasing of school lands and the disposition of the funds arising therefrom. Article three of chapter 80 is no part of the act amended, nor does it relate to subjects embraced either in the original act or as amended. The only reference to article 3, chapter 80, in the body of the act, is in the last section thereof, and is as follows: "That an act entitled an act to provide for the registry, sale, leasing, and general management of all lands and funds set apart for educational purposes, and the investment of the funds arising from the sale of such lands, approved February 19, A.D. 1877, being article I., chapter 80 of the Compiled Statutes, *and also article III. of said chapter 80 is hereby repealed.*" The attorneys for the relator claim that the House Journals show that the house of representatives in 1883 refused to repeal article III., chapter 80, as an independent measure, the vote being 56 against and 42 in favor of such repeal.

This is not denied by the defendants, and may be considered as admitted. It is pretty clear, therefore, that the legislature was imposed upon, and article III., chapter 80, included in the repealing clause of the amendment referred to, as though it had been a part of the statute amended. It had no connection with it, however.

The rule is well settled that where the title to an act actually indicates, and the act itself actually includes, two distinct objects, where the constitution declares it shall embrace but one, the whole act must be treated as void, from the manifest impossibility of choosing between the two and holding the act valid as to one and void as to the other. Cooley's Const. Lim., 147. But this rule will apply only in those cases where it is impossible from an inspection of the act itself to determine which act or rather which part of the act is void and which valid. Where this can be done the rule does not apply, unless it shall appear that the invalid portion was designed as an inducement to pass the valid, so that the whole taken together will warrant the belief that the legislature would not have passed the valid part alone. The valid portion of the act in the case under consideration is separate and distinct from that which is invalid, and it is very clear that the invalid portion did not have and could not have had the effect to induce the legislature to pass the amendment in question, and therefore the amended act is valid. The second subject was evidently an attempt to accomplish by indirection what the legislature had refused to do by express enactment. That portion of the act, therefore, by which it was sought to repeal the act which took effect Feb. 20th, 1879, for the repayment of taxes levied on lands the legal title of which is in the state is not repealed. Except where a statute is amended, and the statute as it existed prior to the amendment repealed, a law not connected with the subject of the act amended cannot be repealed by a provision in the nature of a rider upon an independent act. The attempted repeal is therefore a nullity. A peremptory writ will issue as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.