BENJAMIN SMITH, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

No. 16,452.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Fellow Servants—Section Men.* A section man engaged in track repairing who is injured by the negligence of a fellow laborer is within the protection of the fellow servant act. (Laws 1907, ch. 281, § 1; Gen. Stat. 1909, § 6999.)

2. RAILROADS—*Injury to Employee—Notice of Claim for Damages.* A notice of such an injury and claim for damages, required by that act, mailed to an assistant claim agent of the railway company whose duty it is to examine and act upon such claims and who receives the notice and makes such examination in pursuance thereto, is notice to the company.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed April 9, 1910. Affirmed.

### STATEMENT.

THE plaintiff, a section man engaged in track repairing, was tamping stone under a crosstie when a fellow laborer, who was tamping stone under another crosstie behind him, negligently struck the plaintiff's hand with a tamping pick, inflicting the injury for which the action was brought. A notice, as required by section 1 of chapter 341 of the Laws of 1905, was served by mail, addressed to the assistant claim agent of the defendant at Kansas City, Mo. The injury occurred in this state.

Demurrers to the petition and to the evidence were overruled. Special findings were returned by the jury, with a verdict for the plaintiff. The defendant appeals from a judgment thereon.

*B. P. Waggener,* and *J. M. Challiss,* for the appellant.

The opinion of the court was delivered by

BENSON, J.: The defendant contends that section men in doing the ordinary work of repairing track are not within the purview of the statute imposing liability upon a railroad company for injuries to an employee caused by the negligence of its agents or the mismanagement of its engineer or other employees. (Laws 1907, ch. 281, § 1; Gen. Stat. 1909, § 6999.) The defendant relies upon the opinion in *Railway Co. v. Medaris,* 60 Kan. 151. In that case it was held that an employee of a railway company who was engaged in setting a curb around a depot and office building, and who was injured by a falling curbstone which had been negligently left in an insecure position by a fellow laborer, was not within the protection of the statute. It was said in the opinion:

·"No train was passing or near the place where Me-

daris was at work at the time the injury was inflicted. It is true, also, that he was at work for a railroad company, and upon the land of a railroad company, but this does not entitle him to the benefits of the act. He can only recover by showing that the service in which he was engaged exposed him to the peculiar perils incident to the operation of a railroad." (Page 154.)

In *Union Trust Co. v. Thomason*, 25 Kan. 1, a trackman riding upon a hand car from his work at the close of the day's service was hurt by a collision with another hand car, caused by the negligence of his fellow workmen in propelling the other car. It was held that he was injured while in the line of duty, and that the case was within the provisions of the statute. Mr. Chief Justice Horton, in delivering the opinion, quoted with approval from several Iowa cases where it had been held that trackmen, switchmen and others whose duties require them to be upon the track are more or less exposed to the hazards of the business of operating a railroad. In *U. P. Rly. Co. v. Harris,* 33 Kan. 416, it was held that the statute applied to a section man engaged in repairing a track. The injury had occurred by the negligence of a fellow employee in removing a rail from a push car. His duties did not require him to ride upon cars, nor was he exposed to the perils caused by the operations of trains, other than such as were incidental to his work upon the track. In the opinion the fact that a different rule had been applied in Iowa in recent cases, apparently departing from earlier decisions, was ascribed to the fact that the Iowa code had been changed so as to restrict the application of the statute to wrongs connected with the use and operation of the railroad. The decisions under the amended statute in Iowa appear to have limited its operation, as stated in *Dunn v. Railway Co.*, 130 Iowa, 580, so that a section hand in his ordinary work, wholly disconnected from the use and operation of the

Smith v. Railway Co.

road, is excluded from its purview, but as indicated in the majority opinion in that case, and more fully stated in a vigorous dissent, the decisions in that state have not uniformly sustained this view.

In the case of *A. T. & S. F. Rld. Co. v. Koehler, Adm'x,* 37 Kan. 463, a laborer engaged in loading rails upon a car, in the case of *A. T. & S. F. Rld. Co. v. Brassfield,* 51 Kan. 167, a section man unloading ties to be used in repairing track, and in the case of *C. K. & W. Rld. Co. v. Pontius,* 52 Kan. 264, a bridge carpenter engaged in loading timbers òn a car, were held to be within the operation of the statute, and in the cases named recoveries for injuries sustained through the negligence of a coemployee were sustained. In the case last cited it was argued that the statute, when so construed, was obnoxious to the federal constitution, but upon review in the supreme court of the United States its constitutionality was sustained. (*Chicago &c. Railroad Co. v. Pontius,* 157 U. S. 209.) In *A. T. & S. F. Rld. Co. v. Vincent,* 56 Kan. 344, it appeared that two section men, with a foreman, were carrying a rail to place it in the track. By the negligence of the foreman one of the men was injured. In the opinion it was said:

"The service in which Vincent (the injured man) was engaged was performed on the company's road, and, being necessary to its use and operation, places him within the provisions of the act which makes railroad companies liable to their employees for damages resulting from the negligence of a coemployee." (Page 347.)

It will be observed that there was no car or engine at or about the place of injury. In the Harris case, supra, a hand car only was being used, while in the other cases referred to standing cars were being loaded or unloaded, and there was no movement of trains, cars or engines upon the track at the time or place of the injuries.

The Missouri supreme court, in *Callahan v. Mer. Bridge Terminal Ry. Co.*, 170 Mo. 473, held that a section man, while stationed underneath a portion of the track elevated over a street to give signals to fellow laborers above when to throw down discarded ties, in order that passers-by might not be hurt, was, while attempting to remove a child from danger, within the protection of a statute making railroad companies liable for injuries sustained by any servant of such railroad by reason of the negligence of any other servant or agent thereof. The Missouri statute construed in the opinion provides that "every railroad corporation . . . shall be liable for all damages sustained by any agent or servant thereof, while engaged in the work of operating such railroad, by reason of the negligence of any other agent or servant thereof." (Rev. Stat. Mo., 1899, § 2873.) In an elaborate review of the authorities in Missouri and other states, including our own, the court said:

"It is not essential that the injury should have been inflicted by reason of the negligence of a fellow servant while actually engaged in running a car, but that the injured employee may recover if injured by the negligence of a fellow servant while they are engaged in doing any work for the railroad which was directly necessary for the operation of the railroad." (Page 495.)

In Georgia a recovery against a railroad company for the death of an employee working upon one of its bridges, caused by the negligence of a fellow employee, was sustained. (*Georgia Railroad v. Ivey*, 73 Ga. 499.) The court said that an earlier decision declaring that principle had been powerfully assailed, but had been long recognized as law; that it was firmly established in the jurisprudence of the state; and that both the employee and the railroad corporation had contracted with each other in the light of the law as thus construed.

Smith v. Railway Co.

A statute of Minnesota makes railway companies liable to their servants for damages caused by the negligence of a fellow servant. Construing this statute, it was held that a railroad company was liable to a section man who, while engaged with the rest of the crew in performing his ordinary duties in lifting and carrying a rail to repair the track, was injured by the negligence of a fellow servant in releasing his hold and dropping the rail. It was stated in the opinion that the work was being done in great haste, so as to accomplish it before the arrival of a coming train. The court said:

"We have held that the test is not whether the conditions are in some respects parallel to those to be found in some other kinds of business, or whether the appliances are, in some respects, similar to those used in some other kinds of business, but that if there is any substantial element of hazard or condition of danger which contributed to the injury, and which is peculiar to the railroad business, the statute applies." (*Blomquist v. Great Northern Ry. Co.*, 65 Minn. 69, 70.)

Mr. Justice Brewer, in an opinion in the circuit court of appeals, reviewed the Kansas statute and the Kansas cases referred to in this opinion, except the case of *Railway Co. v. Medaris*, 60 Kan. 151, which had not been decided, and held that they authorized a recovery by an employee in a roundhouse for an injury caused by the negligence of a fellow employee while handling a driving rod in putting an engine in order for use. (*Chicago, R. I. & P. Ry. Co. v. Stahley*, 11 C. C. A. 88.) In the opinion, referring to the case of *U. P. Rly. Co. v. Harris*, 33 Kan. 416, it was said:

"It will be seen that this injury in no way resulted from the actual movement of trains, but occurred while the party injured and the negligent coemployee were engaged in the work of putting the track in condition for use." (Page 91.)

Then, after quoting from the case of *A. T. & S. F. Rld. Co. v. Koehler, Adm'x,* 37 Kan. 463, it was said:

"A roundhouse is as much a necessity for railroading as a stable for the livery business. He was not engaged in repairing an old engine or constructing a new one, but in putting that engine which had recently arrived in condition for immediate use. He was, as in those cases, not engaged in any outside work remotely related to the business of the company; he was not cutting ties on some distant tract to be used by the company in preparing its roadbed, nor in mining coal for consumption by the engines, nor even in the machine shops of the company, constructing or repairing its rolling stock; but the work which he was doing was work directly related to the movement of trains—as much so as that of repairing the track. (Page 92.)

The opinion last cited suggests the grounds upon which the Medaris case is easily distinguishable from the Harris case and other cases where recoveries have been sustained although the service did not include any participation in the movement of trains. In those cases, and in the one now under consideration, the work was upon the track, but this exposed the laborers to the hazards of passing trains, requiring vigilance and attention in proportion to the frequency of their passage.

The constitutionality of the statute was upheld in *C. K. & W. Rld. Co. v. Pontius,* 52 Kan. 264, and in *Missouri Railway Co. v. Mackey,* 127 U. S. 205. Similar statutes have been upheld in other decisions, state and federal, cited in *Callahan v. Mer. Bridge Terminal Ry. Co.,* 170 Mo. 473. Such legislation applying to particular bodies or associations, imposing upon them additional liabilities, is not open to the objection that it denies to them the equal protection of the laws, if all persons brought under its influence are treated alike under the same conditions. (*Missouri Railway Co. v. Mackey,* supra.) The same opinion holds that such statutes are not obnoxious to the fourteenth amendment. Nor are they unreasonable (*Thompson*

*v..The Central Railroad and Banking Company,* 54 Ga. 509), violative of the principle of equality, or otherwise unconstitutional.    (Labatt Mas. & Serv. § 643, *et seq.*)

It is contended that the language of the statute, "negligence of its agents, . . . mismanagement of its engineers or other employees" (Laws 1905, ch. 341, §1), excludes employees whose negligence caused the injury except those of the same class, *i. e.,* agents in charge of stations and engineers and others operating or participating in the movement of trains.    The decisions of this court already referred to have determined adversely to this contention.    The negligence of a fellow servant in the same service with the injured party is held to bind the company.    It would overturn a rule long followed and firmly fixed in our jurisprudence to hold otherwise, and would be contrary to the trend of judicial decisions.

Error is alleged in the admission of a copy of a notice served under that clause of the statute imported into it by amendment requiring notice to the company within a specified time.    A carbon copy of such notice was produced by the plaintiff, and testimony given that a duplicate had been mailed to the defendant's assistant claim agent at Kansas City, and that it was not in the possession of the plaintiff.    Notice to produce it had not been given, and an objection was made to the copy.    It was shown, however, that the person to whom the notice was addressed had appeared within the time given by the statute for giving it and examined the plaintiff concerning the claim, promised to report to the general claim agent thereon, and requested that no further action be taken for sixty days, which request was acceded to.    It was also shown that this claim agent, when thus making the examination, had in his possession the notice so mailed to him.    Receipt of the notice was shown by the fact that it was seen in that officer's hands.    Evidence was given tending to show

that it was his duty to examine such claims and he did in fact examine this one. The provision of the statute that service may be made upon certain agents does not exclude a proper notice given to the company in some other manner (*Central Branch Rld. Co. v. Ingram,* 20 Kan. 66), especially when acted upon by its officers charged with such duties. A failure to show the service of the statutory notice, however, would not have been fatal, for the record shows that the section foreman took and forwarded to the company a written statement, signed by the plaintiff, stating the injuries, and giving the time and place, within a few days after the occurrence. The company produced and placed this written statement in evidence. It had sufficient notice. (*Smith v. Railway Co.,* ante, p. 136.)

The fact that the opinion in the case of *Railway Co. v. Medaris,* 60 Kan. 151, was relied upon by the defendant as a departure from former decisions in the interpretation of the statute is believed to justify this review of the subject. The present case does not fall within the class to which the Medaris case belongs, but is within the principles announced in former decisions. The judgment is affirmed.