No. 30,877.

H. J. CASHIN, *Appellee*, v. THE STATE HIGHWAY COMMISSION, etc., *Appellant*.

(17 P. 2d 838.)

Opinion filed January 7, 1933.

*Wint Smith*, assistant attorney-general, *Ralph M. Hope, Edward F. Arn*, both of Topeka, and *C. Clyde Myers*, of Kansas City, for the appellant.

*A. J. Herrod*, of Kansas City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This action is one to recover damages for personal injury. The trial court overruled a demurrer to the petition, from which the defendant appeals.

The petition alleges the residence of the plaintiff and the organization and existence of the state highway commission. The allegations necessary for our consideration are as follows:

"That at all times hereinafter mentioned United States highway No. 40 is and was a part of the state highway system of the state of Kansas, . . . and it was the duty of the defendant to . . . maintain said highway, and at all times said defendant had in its employ for such purposes certain agents, officers and chauffeurs constituting a road gang, one of which employees was a man by the name of Rollo ————, employed as a chauffeur by the defendant, and acting within the scope of his authority.

"That on or about October 20, 1931, plaintiff was employed as a laborer in said road gang and said gang had been using a 'mud jack,' which is an apparatus used for the mixing of earth, water and cement to which is attached a hose and nozzle for the purpose of forcing such mixture under low places in order to raise the concrete slab on said highway.

"That said plaintiff and the other employees in said road gang, including said Rollo ————, had been engaged in the use of said 'mud jack' in repairing said highway at a point about two hundred feet west of the settlement known as Reno, in Leavenworth county, Kansas; that the hose attached

to said 'mud jack' became fastened or caught on the rear end of a large and powerful automobile truck then and there being driven by the said Rollo ————————; that plaintiff was instructed by the foreman of said gang, one Dick Girten, to unfasten said hose from the rear of said truck, and while plaintiff was in the act of unfastening said hose, said Rollo ———————— carelessly and negligently backed said automobile truck, catching plaintiff between the rear end of said automobile truck and the said 'mud jack,' and as a result thereof plaintiff suffered the following injuries, to wit:  . . .

"Plaintiff further states that his injuries were caused by the carelessness and negligence of the defendant, its agent, servant and employee, Rollo ————————, in that said employee backed said truck in such a manner and continued to back said truck upon said highway so as to catch plaintiff between the rear end of said truck and said 'mud jack,' crushing his body, arms, shoulders and collar bone.  . . ."

The plaintiff seeks to recover in this action under and by virtue of R. S. 1931 Supp. 8-223, which is as follows:

"This state and every county, city, municipal or other public corporation within this state, employing any operator or chauffeur, shall be jointly and severally liable with such operator or chauffeur for any damages caused by the negligence of the latter while driving a motor vehicle upon a highway in the course of his employment: *Provided,* This section shall not apply to boards of education, fire or police departments."

The appellant contended in the court below and argues here that the petition shows upon its face that the appellee and Rollo were fellow servants and that the fellow-servant rule is not abrogated by the statute. The answer to this question must be found in the statute.

This court is definitely and finally committed to the doctrine that the state is immune from tort actions, and that the legislature is the sole judge of the extent that the immunity may be abrogated. (*McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038; *McCandliss Construction Co. v. Neosho County Comm'rs,* 132 Kan. 651, 296 Pac. 720; *Payne v. State Highway Comm.,* 136 Kan. 561, 16 P. 2d 509.)  The purpose of the statute under consideration was to abrogate the immunity rule under certain conditions and permit the individual to prosecute an action against the state. Three conditions must concur to create liability under the statute: First, employment of an operator or chauffeur by the state; second, negligence of such operator or chauffeur while driving a motor vehicle upon a highway in the course of his employment; third, injury resulting in damages. Where these three conditions exist the state is jointly and severally liable with such operator or chauffeur.

It is conceded that the appellee and Rollo were fellow workmen within the meaning of the fellow-servant rule, and that the rule is in full force and effect in this state, unless modified or abrogated by statute. (*Beeson v. Busenbark*, 44 Kan. 669, 25 Pac. 48; *Smith v. Railway Co.*, 82 Kan. 248, 108 Pac. 76; *Caspar v. Lewin*, 82 Kan. 604, 109 Pac. 657; *Lively v. Railway Co.*, 115 Kan. 784, 788, 225 Pac. 103.) Under the fellow-servant rule the employer is not liable to those engaged in his employment for injuries suffered by them as a result of the negligence, carelessness or misconduct of other servants of the same employer engaged in the same common employment. (*Barnaby v. Sears, Roebuck & Co.*, 132 Kan. 447, 295 Pac. 715, and cases there cited.) The fellow-servant doctrine does not relieve a servant from liability for his negligence resulting in the injury of a fellow servant. The liability of the state under the statute is made dependent upon the negligence and liability of the chauffeur. The chauffeur is liable for injuries suffered by his fellow employee as a result of his negligence, and this liability is extended to the state. Consequently the fellow-servant rule is abrogated by the statute. The negligence of the chauffeur must, of course, be the direct and proximate cause of the injury. The rule under the statute may be stated that where an operator or chauffeur employed by the state is negligent while driving a motor vehicle upon a highway in the course of his employment, and such negligence is the direct and proximate cause of an injury resulting in damages, the state is liable.

The petition as against a demurrer is entitled to a liberal construction. It alleges the employment of Rollo by the state, that his duties were that of an operator or chauffeur, and at the time of the alleged negligence Rollo was driving a motor vehicle in the course of his employment. It requires, however, a liberal construction of the petition to find allegations that Rollo was driving a motor vehicle upon a highway at the time of the injury. The charge and proof must bring the injured party within the terms of the statute. The immunity of the state from actions in tort is well known, and in construing the statute we are bound to hold that the state has only assumed liability to the extent defined in the statute. The extent to which the state desires to open the door and subject itself to tort actions must be found in legislative enactment. It will not be extended by court interpretation. The court is bound to enforce the immunity rule unless expressly abrogated by the legislature.

The liability created by this statute is against the state and not

against any designated department of the state. Whether the state highway commission is a proper party defendant was not considered by the trial court nor argued here, consequently the question is not determined.

The judgment of the district court is affirmed.

BURCH, J., dissenting.