No. 30,877.

H. J. CASHIN, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(22 P. 2d 939.)

Opinion on rehearing filed June 10, 1933. (For original opinion of affirmance see 136 Kan. 659, 17 P. 2d 838.)

*Wint Smith,* assistant attorney-general, *Otho W. Lomax, H. E. Martz, Edward F. Arn, Gale Moss,* all of Topeka, and *C. Clyde Myers,* of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This case is now before us on rehearing, the original opinion having been filed January 7, 1933 (*Cashin v. State Highway Comm.,* 136 Kan. 659, 17 P. 2d 838). It is an action to recover damages under the provisions of R. S. 1931 Supp. 8-223, or section 23 of chapter 80 of the Laws of 1931, from the state highway commission for personal injury sustained by plaintiff while in the employ of the commission working on the highway, by reason of the negligence of the defendant and one Rollo, employed as chauffeur by the commission.

The petition is set out in the original opinion. The demurrer of

the defendant to the petition was overruled by the trial court and the defendant appealed to this court where the ruling of the trial court was affirmed in the opinion handed down and published as above stated. Because the enactment of the statute on which this claim is based was recent and far reaching in its effect, a rehearing was granted and the matters involved have been thoroughly briefed on both sides.

In the hearing on appeal only one question was presented and considered, and that was whether the common-law fellow-servant rule had been abrogated by the statute above cited. This court in affirming the ruling of the trial court in overruling the demurrer to the petition held, as the trial court had done, that the statute cited had abrogated the common-law fellow-servant doctrine, and that the employer was jointly and severally liable with the negligent employee for the injury of the plaintiff, a fellow servant.

On the rehearing the appellant has brought to this court three additional questions of law bearing upon the contention of the commission that the demurrer to the petition should have been sustained. One of the three is that the statute above cited is unconstitutional, as being in violation of the first portion of section 16 of article 2 of the constitution of the state of Kansas, which is—

"No bill shall contain more than one subject, which shall be clearly expressed in its title . . ."

The following is the title of the act:

"An act relating to motor vehicles, providing for licensing motor-vehicle operators and chauffeurs, defining the liability of certain persons for negligence in the operation of motor vehicles on the public highways, and to make uniform the law relating thereto." (Laws 1931, ch. 80.)

There appears to be two subjects clearly expressed in this title, the licensing of operators and chauffeurs of motor vehicles, and defining the liability of certain persons for negligence. If the second part had been defining the liability of operators and chauffeurs for negligence, instead of "certain persons," it would have afforded a natural relation to the licensing of operators and chauffeurs, but without regard to whom the certain persons may be, they of course are not operators or chauffeurs, when pains were evidently taken to so describe them, and the language itself of the title almost compels one to conclude that the matters referred to therein are incongruous and disconnected. But it has been regularly held that whether or not a statute' contains more than one subject, is to be determined

from the body of the act rather than from the title itself. (59 C. J. 802.)

A careful reading of the entire act indicates that every section of it except section 23 relates to the licensing of motor-vehicle operators and chauffeurs and the punishment for the violation of the provisions of the act and the liability of such operators and chauffeurs and owners of motor vehicles furnished to minors or unlicensed operators and chauffeurs, all of which features and provisions are related and germane to the subject of licensing motor-vehicle operators and chauffeurs. Section 23 does what the second part of the title indicates by defining the liability of certain persons for negligence in the operating of motor vehicles on the public highways. It is as follows:

"This state and every county, city, municipal or other public corporation within this state, employing any operator or chauffeur, shall be jointly and severally liable with such operator or chauffeur for any damages caused by the negligence of the latter while driving a motor vehicle upon a highway in the course of his employment: *Provided,* This section shall not apply to boards of education, fire or police departments."

The certain persons mentioned in the title appear from this section to be "this state and every county, city, municipal or other public corporation." It will be readily noticed that under the provisions of this section there is no distinction or difference as to the liability whether the operators and chauffeurs are licensed or not. It is not connected up in any way with the licensing of operators and chauffeurs. It appears to be wholly incongruous with, independent of and disconnected with the rest of the act and constitutes a separate subject, thus making the act contain more than one subject.

We recognize that the liberal rule of construction so as to uphold, if possible, the constitutionality of an act has always been in force in this state.

"When a statute is attacked as being in violation of section 16 of article 2 of the constitution, for the reason that it is not within the title of the act, such title will be liberally interpreted for the purpose of upholding the law." (*State v. Topeka Club,* 82 Kan. 756, 109 Pac. 183.)

But this section of the constitution has likewise been held to be mandatory instead of directory and if the act is clearly in violation of this constitutional requirement, it is the duty of the court to hold it unconstitutional.

"The constitutional provision that 'no bill shall contain more than one subject, which shall be clearly expressed in its title,' is mandatory; and if the legislature should clearly violate this provision by putting something in the body of an act clearly not embraced in the title thereof, or wholly foreign to the title, it would be the duty of the courts to declare such portion of the act void. . . ." (*Comm'rs of Sedgwick Co. v. Bailey,* 13 Kan. 600, syl. ¶ 1.)

In the case of *State, ex rel., v. Dawson,* 90 Kan. 839, 136 Pac. 320, it was said:

"While section 16 of article 2 of the constitution requiring the single subject of an act to be clearly expressed in its title is not so frequently invoked as formerly, it is still as binding as ever. . . . The congressional practice of putting riders on appropriation bills is not permitted under our constitution." (p. 841.)

"The provisions of an act must correspond with the subject expressed in its title; so nothing can validly be included in the body of a statute which is not expressed in or covered by the title, and all parts of an act which are not within its title are unconstitutional and void. . . ." (59 C. J. 811.)

In the case of *Reilly v. Knapp,* 105 Kan. 565, 185 Pac. 47, the constitutionality of the act making appropriations for executive and judicial departments of the state was called in question because section 2 thereof had reference to the qualification of certain persons related by blood or marriage to the heads of departments, and while the title of the act was broad enough to include both subjects, it was held—

". . . that section 2, which attempts to fix the qualifications for certain offices, being part of a bill containing two subjects, violates section 16 of article 2 of the constitution, and is void." (Syl. ¶ 1.)

The history of the act here under consideration is helpful in determining the intention of the legislature in connection with its passage. This act, which accords to itself in section 33 the name of the "uniform operators' and chauffeurs' license act," is almost a literal copy of the uniform motor-vehicle operators' and chauffeurs' license act, published in volume 9 of the Uniform Laws Annotated, by Edward Thompson Company, beginning at page 322, and also published in the reports of the American bar association, volume 51, in the proceedings of 1926, p. 569, with the approval of that association.

The Kansas act omits three sections contained in the uniform act as published. Two of them concern the liability of parents or guardians of minors under a specified age for negligence of such minor permitted to operate a car without a license, which matters are sub-

stantially contained in other sections of the Kansas act. The third section omitted concerns the constitutionality of the remainder of the act, if any part of it should be held unconstitutional.

This section 23 was in the original uniform act, just exactly as it is here, except the provision making it not applicable in Kansas to boards of education, fire and police departments. The bill was introduced in the Kansas legislature without this proviso, but it was added in the senate.

The following eight states have adopted this uniform measure and enacted it as a law, viz., Colorado, Delaware, Indiana, Iowa, Michigan, Oregon, Virginia and Kansas. All of these states excluded the section corresponding to our section 23 except Indiana and Kansas, and Indiana at the succeeding session of the legislature repealed that section, letting the remainder of the act stand. So that Kansas is at present the only state that has this section in force.

Appellee urges that the act is constitutional notwithstanding the subject matter contained in section 23 and cites many cases approving the liberal rule of interpretation and many cases where the constitutionality of the acts involved was upheld. Such authorities have all been carefully examined, but under the authorities heretofore cited and the reasons therein given we cannot avoid concluding that this act contains more than one subject, which subjects are distinct, separate and incongruous.

Now, under this holding, must both portions of the act fall or can one part be held valid and the other void, where a consideration of the entire act warrants the belief that the legislature would have passed the main part of the act without including section 23? If so, and section 23 furnished no special inducement for the passage of the rest of the act, a separation can be made and the remainder of the act can be held valid. It was so held in the Reilly case, where the qualification of appointive officers was injected into an appropriation act for executive and judicial departments.

"The general rule is, that where an act contains two separate and independent subjects having no connection with each other, and the title is broad enough to cover both, both portions of the act fall together and are treated as void, because, generally, it is impossible for the court to choose between the two and hold one part valid and the other void, but where no such difficulty arises, and it is apparent, as in the present case, that the enactment of the provisions of section 2 furnished no inducement to pass the other part, and where a consideration of the entire chapter warrants the belief that the

legislature would have passed the appropriation act alone, the rule does not apply, and it is held that the remainder of the act which relates to appropriations is valid." (*Reilly v. Knapp,* 105 Kan. 565, syl. ¶ 2, 185 Pac. 47.)

"The question as to whether portions of a statute which are constitutional shall be upheld while other divisible portions are eliminated as unconstitutional is primarily one of intention. If the objectionable parts of a statute are severable from the rest in such a way that the legislature would be presumed to have enacted the valid portion without the invalid, the failure of the latter will not necessarily render the entire statute invalid, but the statute may be enforced as to those portions of it which are constitutional." (6 R. C. L. 123.)

"A statute may, however, be in part constitutional and in part unconstitutional, and if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected." (59 C. J. 639.)

In the case of *State, ex rel., v. Beggs,* 126 Kan. 811, 271 Pac. 400, involving the constitutionality of section 4 of chapter 203 of the Laws of 1927, known as the branding-iron statute, that section was held to be unconstitutional, and that such ruling was not to affect the validity of the other sections of the act.

"Where a part only of a statute is unconstitutional, and therefore void, the remainder may still have effect under certain conditions. The court is not warranted in declaring the whole statute void unless all the provisions are connected in subject matter, depend on each other, were designed to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the legislature would have passed one without the other. . . . .

"If a statute attempts to accomplish two or more objects, or to deal with two or more independent subjects, and the provisions as to one are void, it may still be in every respect complete and valid as to any other. . . ." (1 Lewis' Sutherland Statutory Construction, 2d ed., §§ 296, 297.)

"If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other." (Cooley's Constitutional Limitations, 7th ed., p. 247. See, also, *State v. Lancaster County,* 17 Neb. 85; and *Redell v. Moores,* 63 Neb. 219.)

We conclude that section 23 of chapter 80 of the Laws of 1931 (R. S. 1931 Supp. 8-223) is unconstitutional and void and that such ruling is not to affect the validity of the remainder of the act.

Having reached this conclusion, it will be unnecessary to consider the other two points raised by the appellant or further consider the matter determined in the original opinion as to the abrogation of the fellow-servant doctrine.

The judgment is reversed and the cause is remanded with instructions to sustain the demurrer to the petition.