Leo J. GREEN, Appellant,

v.

CITY OF CASCADE, Iowa, Appellee.

No. 2–57953.

Supreme Court of Iowa.

July 31, 1975.

Reynolds, Gilchrist, Nutty, Smith & Sharp, Ames, for appellant.

Moss & Heims, Dyersville, for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves a test of the validity of municipal general obligation bond proceedings and of portions of the home-rule act, chapter 1088 of the Acts of the 64th General Assembly.

By action of its council, the City of Cascade, Iowa, elected to come under §§ 1 through 198 of the home-rule act. See § 9(2) of the act. Thereafter the council proposed to issue bonds for an essential corporate purpose under part 3 of division VII of the act. Section 106(2) of the act requires a council proposing to issue such bonds to hold a meeting to receive and consider oral or written objections. Accordingly, the Cascade council held such a meeting after publishing notice, received, considered, and overruled written objections by plaintiff Leo J. Green, and took additional action toward the issuance of bonds.

Plaintiff appealed to district court from the action of the council. In that court he urged several contentions which, after trial, the trial court overruled. Hence the present appeal by plaintiff to this court, where he again presses his contentions.

I. *Notice.* Plaintiff first contends that Cascade's notice of the required meeting

was insufficient in content. The first sentence of § 106(2) of the home-rule act governs here:

> Before the council may institute proceedings for the issuance of bonds for an essential corporate purpose, a notice of the proposed action, including a statement of the amount and purposes of the bonds, and the time and place of the meeting at which the council proposes to take action for the issuance of the bonds, must be published as provided in section three (3) of this Act [§ 362.3, Code 1975].

In pertinent part, Cascade's notice states that the council will meet at a specified date, hour, and place to institute proceedings for the issuance of $50,000 of general obligation bonds "for the purposes of defraying the costs of constructing and repairing street improvements, constructing facilities useful for the collection and disposal of sewage wastes, and the undertaking of the construction of a street improvement jointly with the County of Jones."

 We require strict compliance with statutory requirements in proceedings involving special assessments. *H. L. Munn Lumber Co. v. City of Ames,* 176 N.W.2d 813 (Iowa). The present proceedings, however, involve general obligation bonds, where the standard is substantial compliance. 2 Antieau, Municipal Corporation Law, § 15.10 at 15–23 (1973); 15 McQuillin, Municipal Corporations, § 43.42 at 558 (1970 rev. ed.).

Upon examining the statute and the notice, we conclude that Cascade substantially—though minimally—complied with the notice requirement.

 II. *Multiple Essential Corporate Purposes in Single Proceeding.* In his argument, plaintiff conceded that § 109 of the home-rule act authorizes a council to include more than one essential corporate purpose in a single proceeding looking toward issuance of general obligation bonds. We so hold.

III. *Authority to Perform Essential Functions in Question.* Plaintiff contends next that Cascade has no authority to perform the functions in question—to construct and repair streets and to construct facilities for collection and disposal of sewage—because the home-rule act grants no such authority.

We now have the Home Rule Amendment to the Iowa Constitution. The Amendment states (Iowa Constitution, article III, § 40):

> Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the general assembly.

> The rule or proposition of law that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state.

 The Amendment is of the self-executing type. Scheidler, Implementation of Constitutional Home Rule in Iowa, 22 Drake L.Rev. 294, 302, 304. Street construction and repair and sewage collection and disposal manifestly constitute local affairs, and the Amendment itself gives cities authority to handle such matters.

We do not find merit in plaintiff's third contention.

IV. *Authority to Issue General Obligation Bonds.* Plaintiff next argues that Cascade does not possess authority to issue general obligation bonds for the repairs and improvements involved here—again because the home-rule act grants no such authority.

 The Home Rule Amendment reverses the previous rule which required a statutory grant of authority in order for cities to issue bonds. 56 Am.Jur.2d Municipal Corporations, Counties & Other Political Subdivisions § 580 at 631; 64 C.J.S. Municipal Corporations § 1902 at 475. Under the Amendment itself, cities have authority to

issue general obligation bonds incident to their local affairs and government. True, without legislative authorization cities cannot levy taxes and therefore they could not pay bond principal and interest, but the legislature granted them that additional authority. See §§ 82 and 85(2) of the home-rule act. Cities are, of course, subject to the debt-limitation clause in § 3 of article XI of the Iowa Constitution.

We reject plaintiff's fourth argument.

V. *Rate of Interest.* Plaintiff claims that the procedure in the home-rule act for issuing bonds is "so vague, incomplete, defective, indefinite, or so conflicting or inconsistent as to be unworkable or incapable of enforcement," for the reason that § 110(2) of chapter 1088 provides the bonds shall bear interest at rates not exceeding the limitations imposed by chapter 75 of the Code and chapter 75 provides no applicable limitations. *Davidson Building Co. v. Mulock,* 212 Iowa 730, 751, 235 N.W. 45, 54.

Plaintiff's claim is now moot. The legislature has inserted maximum interest rates in chapter 75. 66 G.A., S.F. 526, § 4. We do not intimate that his claim would be good had the legislature not inserted such rates.

VI. *One Subject, Expressed in Title.* Plaintiff asserts that the home-rule act violates § 29 of article III of the Iowa Constitution:

> Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.

Plaintiff faces the heavy burden of overcoming the presumption of constitutionality which legislative acts carry. *Keasling v. Thompson,* 217 N.W.2d 687 (Iowa).

The title of the act is this:

> *An Act* relating to home rule for cities; establishing the city code of Iowa which provides for powers and duties of cities including the power to impose penalties by ordinance, city development, organization of city government, city elections, city legislation, city finance including the power to issue bonds, city utilities, and administrative agencies of cities; coordinating the Code of Iowa with the city code of Iowa; repealing incompatible chapters in Title fifteen (15) and reenacting provisions from Title fifteen (15) which belong in other parts of the Code of Iowa; removing inconsistent references, incorrect provisions, limited grants of power, and restrictions based upon population; and providing for a state housing code and penalties for violation thereof, to be enforced in cooperation with city officials.

The topics in the home-rule act are these:

> Powers and duties of cities
> City development
> Organization of city government
> City elections
> City legislation
> City finance
> City utilities
> Administrative agencies
> State housing code

■ We are clear that the title of the act expresses the subject matter. But does the act embrace only one subject and matters properly connected therewith?

This court stated the rules relating to application of § 29 of article III of the constitution in *State v. Talerico,* 227 Iowa 1315, 1322, 290 N.W. 660, 663. See also *Long v. Board of Supervisors of Benton County,* 258 Iowa 1278, 1284, 142 N.W.2d 378, 382:

> The primary and universally-recognized purpose of the one-subject rule is to prevent "log-rolling" in the enactment of laws, the practice of several minorities combining their several proposals as different provisions of a single bill, and thus consolidating their votes so that a majority is obtained for the omnibus bill where perhaps no single proposal of each minority could have obtained majority approval separately. It was designed to prevent riders from being attached to bills that are popular and so certain of adoption

that the riders will secure adoption, not on their own merits, but on the merits of the measure to which they are attached.

■ After the electors approved the Home Rule Amendment, the legislature had the task of revamping the entire title of the code dealing with municipal corporations. It could perform the task piecemeal or by one act. It chose the latter method. We think the various parts of the act, with one exception, were sufficiently interrelated to constitute the subject of one enactment. Cf. *Widney v. Hess,* 242 Iowa 352, 45 N.W.2d 233.

The one exception is found in §§ 199, 236, 237, 238, and 240 of the act. Section 236 amends the chapter of the code pertaining to the State Department of Health by granting that department authority to promulgate by rule a state housing code which apparently would apply to both rural and urban areas throughout the state. Sections 199, 237, 238, and 240 amend or repeal other parts of the Code accordingly. We think these housing code provisions are not germane to the rest of the act. But the inquiry does not end at that point.

Section 9 of the home-rule act, as amended, provides that §§ 199 through 352 of the act take effect July 1, 1975. See 65 G.A. ch. 1212, § 1; *Sampson v. Cedar Falls,* 231 N.W.2d 609 (Iowa). In 1974, more than a year before the housing code provisions in the home-rule act were to go into effect, the legislature repealed them by §§ 29, 30, 54, and 61 of chapter 1096 of the Acts of the 65th General Assembly. Hence when §§ 199 through 352 took effect on July 1, 1975, the housing code provisions were not part of the home-rule act.

An argument can be constructed that the housing code provisions were in the home-rule act when it passed the General Assembly and received gubernatorial approval; that due to the inclusion of these ungermane provisions, the act never had life; that the legislature could not in a subsequent session resurrect the act by excising the ungermane provisions from it; and that

the legislature would have to re-enact the home-rule act, with the housing code out of it, to make it viable.

■ Plaintiff is correct that under single-subject clauses in constitutions, as a general rule an ungermane provision in an act renders the whole act void. *Power, Inc. v. Huntley,* 39 Wash.2d 191, 235 P.2d 173. The reason given for this is that a court cannot say which, if either, of the two unrelated parts of the act the legislature would have enacted had the legislature voted on the two parts separately. 1 Cooley, Constitutional Limitations, p. 308 (8th ed.).

A combination of factors makes the general rule inapplicable here. First, examination of this act makes plain which portion of the act is the main part and which part is secondary. The home-rule act, which was House File 574 of the 64th General Assembly, deals at great length with the problems and functions of municipal corporations; this is its principal burden. The housing code provisions are a comparatively minor part of the bill. Second, the 65th General Assembly deleted the housing code provisions, evincing its view as to the portion of the bill it desired; we are not left to speculate about that. Third, when §§ 199 through 352 went into effect on July 1, 1975, they did not actually contain the ungermane sections. Fourth, courts strive to uphold and not to destroy legislative enactments. *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; *Iowa National Industrial Loan Co. v. Iowa State Dep't of Revenue,* 224 N.W.2d 437 (Iowa).

■ Under the particular facts of the case at bar, and without holding up these legislative steps as a model of legislative procedure, we conclude that the home-rule act as it finally became law does not contravene § 29 of article III of our constitution. *Reilly v. Knapp,* 105 Kan. 565, 185 P. 47; *State ex rel. Miller v. Board of Commissioners of Lancaster County,* 17 Neb. 85, 22 N.W. 228; *State v. Becker,* 3 S.D. 29, 51 N.W. 1018. See also *Cashin v. State High-*

*way Comm'n,* 137 Kan. 744, 22 P.2d 939; *State ex rel. Drury v. Hallock,* 19 Nev. 384, 12 P. 832.

VII. *Uniform Operation.* Plaintiff contends that § 9(2) of the home-rule act, which grants each city the election of coming under certain parts of the act during an interim period, violates the uniform-operation requirements of § 6 of article I and § 30 of article III of the Iowa Constitution. We hold that this contention is not meritorious. *Eckerson v. City of Des Moines,* 137 Iowa 452, 115 N.W. 177; *Cole v. Dorr,* 80 Kan. 251, 101 P. 1016.

VIII. *Delegation of Legislative Power.* Plaintiff urges that the election granted cities, considered in division VII of this opinion, constitutes a grant of legislative power to cities in violation of § 1 of article III of the Iowa Constitution. We do not find merit in this argument. *Sampson v. City of Cedar Falls,* 231 N.W.2d 609 (Iowa).

IX. *Extra-Territorial and Joint Functions.* The Home Rule Amendment abrogates the Dillon rule and grants cities power, subject to certain restrictions, to determine their "local affairs and government." Plaintiff urges that the "local affairs and government" clause of the Amendment prohibits the legislature from granting cities power to deal with affairs outside their territorial limits or jointly with others, as the legislature endeavored to do in portions of the home-rule act: § 13 (property and services, and ordinances related thereto, outside city limits), § 14 (joint action under chapter 28E of Iowa Code), § 105(3)(g) (bonds in connection with joint projects), § 105(3)(i) (watercourses within and without city affecting within-city property), § 105(4)(h) (joint projects with other governmental bodies), § 161(5) (city utility or enterprise within or without city), § 162(1) (same, including combined utilities or enterprises), § 176(1) (contract-letting procedure for public improvement within or without city).

We need not at this time try to define "local affairs and government" or to determine whether the Home Rule Amendment itself grants the legislature power to enact these sections. See Clark, State Control of Local Government in Kansas: Special Legislation and Home Rule, 20 Kans.L. Rev. 631, 661. See also § 2(1) of the home-rule act. We have held that the Home Rule Amendment is not a limitation on the power of the legislature to grant authority to cities and that the legislature may grant authority beyond the Amendment. *Sampson v. City of Cedar Falls,* 231 N.W.2d 609 (Iowa). Assuming that the sections in question are not within the Amendment, they are, in general, within the legislature's own power to grant. *Bechtel v. City of Des Moines,* 225 N.W.2d 326 (Iowa). We say "in general," because we cannot anticipate at this time all the various extra-territorial or joint functions which cities may in practice seek to bring within the sections. See Iowa Const. art. III (Legislative Department), § 1. In any given instance we will, of course, endeavor to construe and apply the sections in a manner which will uphold their validity. *General Expressways, Inc. v. Iowa Reciprocity Board,* 163 N.W.2d 413 (Iowa). Upon their face, the sections are not vulnerable to the charge plaintiff lodges against them.

X. *Effective Date.* Plaintiff asserts that the effective-date provisions of § 9 of the home-rule act contravene the effective-date clause in § 26 of article III of the Iowa Constitution. We rejected this contention in *Sampson v. City of Cedar Falls,* 231 N.W.2d 609 (Iowa). See also *Santo v. State,* 2 Iowa 165.

Plaintiff is correct that a General Assembly cannot bind succeeding ones. *Frost v. State,* 172 N.W.2d 575 (Iowa). But the 64th General Assembly did not in the home-rule act tie the hands of future assemblies. Indeed, succeeding General Assemblies made important changes in the act.

■ XI. *Severability Clause.* Section 8 of the home-rule act contains a severability clause which provides that except for § 9(2), if a provision of the act or the application of a provision is held invalid, the invalidity does not affect other provisions which can be given effect. Plaintiff claims this section is vague and ambiguous.

We do not find it so. The section is in quite usual form and reverses the usual presumption of interdependence of sections (except as to § 9(2)). See *State v. Books,* 225 N.W.2d 322 (Iowa); *Frost v. State,* 172 N.W.2d 575 (Iowa). We hold § 8 to be valid.

XII. *Validity of §§ 117, 159, and 175.* Sections 117, 159, and 175 of the home-rule act permit projects and proceedings for the issuance of bonds, commenced before the effective date of the act, to be completed under the "old" law rather than under the new procedure in the home-rule act. Plaintiff challenges §§ 117, 159, and 175 on two bases. His first basis is that those sections conflict with § 9 of the act. He claims (a) that under § 9, if a city elects to come under the parts of the act containing the "new" bonding procedure, then "conflicting provisions of law are not applicable to that city"—which would include the old bonding procedure; but (b) that contrariwise, §§ 117, 159, and 175 allow the city to proceed under the old procedure.

■ The conflict is more illusory than real. While the parts of the act containing new bonding procedure also contain these provisions which give cities a choice of the new or the old procedure, in §§ 117, 159, and 175 the legislature simply created exceptions to the general rule of § 9. This is nothing new in statutory drafting. Revenue acts abound with exceptions and with exceptions to exceptions.

■ Plaintiff's other basis of challenge is that the choices which §§ 117, 159, and 175 give cities permit them to determine what the state law on bonding is, contrary to § 1 of article III of our constitution. We rejected a similar argument in *Sampson v.*

*City of Cedar Falls,* 231 N.W.2d 609 (Iowa). We adhere to Sampson and uphold §§ 117, 159, and 175.

XIII. *Validity of § 10.* Plaintiff next attacks the validity of § 10 of the home-rule act under § 1 of article III (Legislative Department) of the Iowa Constitution. Section 10 provides:

A city may, except as expressly limited by the Constitution, and if not inconsistent with the laws of the general assembly, exercise any power and perform any function it deems appropriate to protect and preserve the rights, privileges, and property of the city or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort, and convenience of its residents. This grant of home rule powers does not include the power to enact private or civil law governing civil relationships, except as incident to an exercise of an independent city power.

Section 1 of article III vests the legislative authority of the state in the General Assembly. See *Webster Realty Co. v. City of Ft. Dodge,* 174 N.W.2d 413 (Iowa); *Richardson v. City of Jefferson,* 257 Iowa 709, 134 N.W.2d 528; *Town of Mapleton v. Iowa Light, Heat & Power Co.,* 206 Iowa 9, 216 N.W. 683; *State v. King,* 37 Iowa 462.

The Home Rule Amendment authorizes cities to determine their "local affairs and government." We will assume arguendo that § 10 of the act goes farther. Plaintiff claims that § 10 not only goes beyond the Amendment but goes so far as to delegate to cities nondelegable legislative power of the General Assembly.

■ *Facially,* § 10 is not subject to plaintiff's attack, for the section itself contains the clause, "except as expressly limited by the Constitution." Whether § 10 *as applied* by cities will result in instances of unconstitutional invasions of the General Assembly's legislative power remains to be seen. We have no occasion to try to draw the line at this time. We thus do not accept plaintiff's argument.

XIV. *"Irreconcilable with the State Law."* The Home Rule Amendment grants home rule power "not inconsistent with the laws of the general assembly." Section 11(3) of the home-rule act provides, "An exercise of a city power is not inconsistent with a state law unless it is irreconcilable with the state law." Plaintiff claims the quoted language of § 11(3) collides with the quoted language of the Home Rule Amendment.

Does "irreconcilable" in § 11(3) go farther than "inconsistent" in the Amendment? Irreconcilable means "impossible to make consistent or harmonious" while inconsistent means "incongruous, incompatible, irreconcilable." Webster's Third New International Dictionary (1969). Apparently the legislature believed the inclusion of § 11(3) would constitute an aid in construction when a state law is laid beside an ordinance or proposed ordinance.

■ This court is the final arbiter of what the Iowa Constitution means, including the word "inconsistent" in the Amendment. *Kruidenier v. McCulloch,* 258 Iowa 1121, 142 N.W.2d 355. Nonetheless, this court gives respectful consideration to the legislature's understanding of constitutional language, especially in the case of a contemporaneous legislative exposition of such language. *Edge v. Brice,* 253 Iowa 710, 113 N.W.2d 755; *Carlton v. Grimes,* 237 Iowa 912, 23 N.W.2d 883.

■ We think, however, that the present problem falls under another rule of law—assuming that "irreconcilable" is stronger than "inconsistent." The legislature has considerable authority to lay down rules for the interpretation of its own statutes. E. g. Code 1975, ch. 4. See 16 Am. Jur.2d Constitutional Law § 235 at 486; 16 C.J.S. Constitutional Law § 112 at 499. The legislature appears to say in § 11(3) that state laws are to be interpreted in a way to render them harmonious with ordinances unless the court or other body considering two measures cannot reconcile them, in which event the state law prevails.

We hold § 11(3) to be valid as a rule of interpretation.

■ XV. *Specific Powers in Division II of Home-Rule Act.* Plaintiff conceded in his argument that the specific grant of powers to cities in division II of the home-rule act does not violate the Home Rule Amendment, and we so hold.

■ XVI. *Home Rule Charter Requirements.* Plaintiff likewise conceded that the home-rule charter requirements in division IV of the home-rule act do not violate the Home Rule Amendment under our holding in *Bechtel v. City of Des Moines,* 225 N.W.2d 326 (Iowa), and we so hold.

We thus reject plaintiff's attack on the bond proceedings and on various provisions of the home-rule act and uphold the decision of the trial court.

Affirmed.

All Justices concur except HARRIS, J., who concurs in result.